

Bianca Kaylene Ruiz
1353 West Bison Drive
Riverton Utah 84065
808-250-3396
biancakayleneruiz@gmail.com
Plaintiff In Pro Per

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| In re: | Case No. 21-24823 |
|---|---|
| BIANCA KAYLENE RUIZ, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

RESPONSE/OBJECTION TO TRUSTEE'S OBJECTION TO EXEMPTION

The debtor in the above-captioned case, Bianca Kaylene Ruiz, hereby responds/objects to the Trustee's Objection to Exemption based on the following:

1. At issue is the debtor's community-owned Thrift Savings Plan ("TSP") account. A TSP account is a tax-deferred retirement savings plan for Federal employees and members of the uniformed services. (*see* 5 U.S.C. §§ 8351, 8401-79.) It is similar to retirement plans authorized under section 401(k) of the Internal Revenue Code.

2. The funds in the TSP account are held in trust by the TSP and are protected from the claims of creditors by a law which provides that the funds "may not be assigned or alienated and are not subject to execution, levy, attachment, garnishment, or other legal process." (See 5 U.S.C. §§ 8437(e)(2).) 5 U.S.C. § 8437(f) goes on to state "The sums in the Thrift Savings Fund shall not be appropriated for any purpose other than the purposes specified in this section and may not be used for any other purpose." This provision is enforceable in a bankruptcy action by virtue of 11 U.S.C. § 541(c)(2).

1

3.　The issues raised by Trustee Stephen W. Rupp in his Objection to Exemption Claimed in TSP Account include:

 i.　The specific exemptions claimed for the TSP account;

 ii.　The debtor's ownership interest in the TSP account as of the commencement date of the bankruptcy: November 10, 2021;

 iii.　The incorrect assumption that the TSP account is the separate property of the debtor's husband based on the name on the account; and

 iv.　The incorrect assumption that TSP administrators accept QDRO division.

4.　In reply to each issue raised by the Trustee, debtor responds in corresponding roman numerals below.

 i.　The exemptions listed on Debtor's Schedule C for "TSP (ROTH&TRAD)" appear to be in error. Debtor will file an amended Schedule C to correct the specific laws that allow the TSP exemption to 11 U.S.C. § 541(c)(2) and 5 U.S.C. § 8437(e)(2).

 ii.　(*see* ¶¶ 4-9) The debtor's ownership interest in the TSP account is defined by California law as "present, equal, and existing" until such a time that the California court divides the community estate equally. The property division will merely distribute to each spouse property which, by virtue of the marital relationship, they already own.

 iii.　(*see* ¶¶ 4-9) Pursuant to California law, the TSP funds acquired during the marriage of Debtor and her husband plus its pro rata growth since separation is community property owned equally between them until the community estate is divided. This is true no matter which spouse is listed as the owner.

 iv.　The Employee Retirement Income Security Act (ERISA) (29 U.S.C. §§ 1001 et seq.) does not apply to FERS benefits, including the TSP. 29 U.S.C. §§ 1003(b)(1) and 1051 exempts FERS from ERISA, because it is a

2

"governmental plan" as defined in 29 U.SC. U.S.C. § 1001(23). ERISA created the term "qualified domestic relations order" (QDRO) to describe a court order that divides retirement benefits under ERISA plans. However, <u>QDRO's are not acceptable to affect FERS benefits</u>. An order incident to a decree of divorce is acceptable to divide the TSP funds, which is not expected anytime soon in debtor's California divorce.

I. <u>**STATE LAW DEFINES THE DEBTOR'S INTEREST IN THE TSP ACCOUNT**</u>

5.  In *Butner*,[1] The U.S. Supreme Court held that property interests and liabilities are created under state law:

> "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." (*Butner* at 54-55)

II. <u>**CALIFORNIA HOLDS JURISDICTION OVER THE DIVISION AND CHARACTERIZATION OF DEBTOR'S COMMUNITY ESTATE**</u>

II.  In *Smith*,[2] The California Supreme Court held that California has jurisdiction over litigants if at least one of the parties is domiciled within the State of California. In March of 2019, Defendant Ruiz was domiciled in the State of California when the divorce was filed. Therefore, the State of California properly holds jurisdiction over Mr. Ruiz and Plaintiff's community estate[3] until it issues a final decree of divorce and divides the estate.

---

[1] *Butner v. United States*, 440 U.S. 48 (1979). ("*Butner*")
[2] *Smith v. Smith* (1955) 45 C 2d. 235. ("*Smith*")
[3] California Family Code § 63 defines *community estate* as "both community property and quasi-community property.

3

### III. <u>PROPERTY ACQUIRED DURING MARRIAGE IS COMMUNITY PROPERTY IN CALIFORNIA REGARDLESS OF WHICH SPOUSE IS LISTED AS THE OWNER</u>

III. In 2014, the California Supreme Court in <u>Valli</u>[4] held that property acquired during marriage is community property regardless of which spouse is listed as the owner:

> "Property that a spouse acquired during the marriage is community property (id., § 760) unless it is (1) traceable to a separate property source (case citations omitted), (2) acquired by gift or bequest (Fam. Code, § 770, subd. (a)(2)), or (3) earned or accumulated while the spouses are living separate and apart (id., § 771, subd. (a)). A spouse's claim that property acquired during a marriage is separate property must be proven by a preponderance of the evidence." (<u>Valli</u> at 1400 – some citations and quotes omitted)

> "Much property acquired during marriage is in the name of one of the spouses, such as salaries, stock options, retirement benefits, and the like. Applying section 662[5] to all such property — and concluding that it is separate property unless shown to be otherwise by clear and convincing evidence — would largely nullify the presumption that property acquired during marriage is community. (<u>Valli</u> at 1411-1412)

> "Future courts resolving disputes over how to characterize property acquired during the marriage in an action between the spouses should apply the community property statutes found in the Family Code[6] and not section 662." (<u>Valli</u> at 1414)

---

[4] <u>In re Marriage of Valli</u> (2014) 58 Cal.4th 1396. ("<u>Valli</u>")
[5] California Evidence Code § 662: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."
[6] California Family Code § 760: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."
California Family Code § 63: "'Community estate' includes both community property and quasi-community property."
California Family Code § 125: "'Quasi-community property' means all real or personal property, wherever situated, acquired…By either spouse while domiciled elsewhere which would have been community property if the spouse who acquired the property had been domiciled in this state at the time of its acquisition…"

4

## IV. DEBTOR'S OWNERSHIP INTEREST IN THE COMMUNITY PORTION OF THE TSP ACCOUNT IS PRESENT, EXISTING, AND EQUAL

IV. In *Hisquierdo 2*[7], the U.S. Supreme Court affirmed the California Supreme Court's holding in *Hisquierdo 1*[8] that California community property must be divided equally. After a deep dive into California's community property laws, the Justices in *Hisquierdo 2* held that:

> "The interests of the spouses in the assets of the marital community are during continuance of the marriage relation present, existing and equal interests. Upon dissolution of the marriage, each possesses an equal and absolute right to his or her one-half interest. The right of each spouse to his or her share of the community assets, then, is a substantive property right… **A community property settlement merely distributes to the spouses property which, by virtue of the marital relationship, he or she already owns.** (*Hisquierdo* at 593 – internal citations and quotes omitted)

## V. THE COMMUNITY SHARE OF THE TSP ACCOUNT INCLUDES THE BALANCE ON THE DATE OF SEPARATION, PLUS ITS PRO RATA GROWTH AS OF THE DATE OF DIVISION

V. The community share of the TSP account is $21,074.14 (the balance on the date of separation), plus the pro rata growth until it is divided. The pro rata growth on the community share from the date of separation has not been calculated. Debtor and her husband are each entitled to 50% of the community share upon division.

## VI. CALIFORNIA'S COMMUNITY PROPERTY CHARACTERIZATION ALSO APPLIES TO THE BANKRUPTCY COURT

VI. In 2020, the California Supreme Court in *Brace*[9] answered a question posed by the Ninth Circuit Court of Appeal regarding the characterization of property in bankruptcy. The

---

[7] *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979). ("*Hisquierdo 2*")
[8] *In re marriage of Hisquierdo*, 566 P.2d 224, 19 Cal. 3d 613 (1977). ("*Hisquierdo 1*")
[9] *In re Brace* (2020) 9 Cal.5th 903. ("*Brace*")

5

answer in *Brace*[10] determined "how much property a bankruptcy trustee can reach to satisfy a spouse's debts. If the property is separate, then the trustee can only reach the debtor spouse's 50 percent share. If the property is community, then the trustee can reach all the property, including the non-debtor spouse's share." The Justices in *Brace* held that the characterization of property in a marital dissolution also applies in the context of a bankruptcy, and that the community estate[11] is liable for the debts of one or both spouses:

> "The Braces urge us to limit *Valli* to the context of marital dissolutions. But we see no basis in the text, purpose, or history of Family Code section 760[12] to confine *Valli*'s holding in this way. It would carve a major hole in the community property system to hold that Evidence Code section 662[13], a general statute that addresses the import of legal title—and not Family Code section 760, a statute that specifically addresses the characterization of property acquired during marriage—governs the characterization of property acquired during marriage for all purposes other than divorce." (*Brace* at 928)

> "The community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgement for the debt." (*Brace* at 934)

> "In sum, we hold that the community property presumption in Family Code section 760 applies not only to dissolution actions but also to a dispute between one or both spouses and a bankruptcy trustee, and that Evidence Code section 662 does not apply when it conflicts with the Family Code section 760 presumption." (*Brace* at 935)

---

[10] *In re Brace* (2020) 9 Cal.5th 903. ("*Brace*")
[11] California Family Code § 63 defines *community estate* as "both community property and quasi-community property.
[12] California Family Code § 760: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."
California Family Code § 63: "'Community estate' includes both community property and quasi-community property."
California Family Code § 125: "'Quasi-community property' means all real or personal property, wherever situated, acquired…By either spouse while domiciled elsewhere which would have been community property if the spouse who acquired the property had been domiciled in this state at the time of its acquisition…"
[13] California Evidence Code § 662: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."

6

**VII. SUMMARY**

VII. The Debtor is entitled to claim the exemption found under 11 U.S.C. §§ 541(c)(2) and (f), and 5 U.S.C. § 8437(e)(2) for her community-owned TSP retirement account. On November 10, 2021, the date of filing the bankruptcy petition, her community ownership interest in the TSP account was (and still is) present, equal, and existing.

THEREFORE, based on the foregoing, Debtor respectfully requests that this Court deny the Trustee's Objection and allow the Debtor to claim the exemptions found in 11 U.S.C. §§ 541(c)(2) and (f), and 5 U.S.C. § 8437(e)(2) for her community-owned TSP retirement account.

Dated March 28, 2022

*Bianca Ruiz*
Bianca Kaylene Ruiz, Debtor