Bianca Kaylene Ruiz
1353 West Bison Drive
Riverton Utah 84065
808-250-3396
biancakayleneruiz@gmail.com
Plaintiff In Pro Per



IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| In re: | Case No. 21-24823 |
|---|---|
| BIANCA KAYLENE RUIZ, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

RESPONSE/OBJECTION TO TRUSTEE'S OBJECTION TO AMENDED EXEMPTION

The debtor in the above-captioned case, Bianca Kaylene Ruiz, hereby responds/objects to the Trustee's Objection to Amended Exemptions ("Trustee's Objections (DK 69)") based on the following:

1. At issue is Debtor Ruiz' community-owned Thrift Savings Plan ("TSP") account. A TSP account is a tax-deferred retirement savings plan for Federal employees and members of the uniformed services. (*see* 5 U.S.C. §§ 8351, 8401-79.)

2. The funds in the TSP account are held in trust by the TSP and are protected from the claims of creditors by 5 U.S.C. § 8437(e), which provides that the funds "**may not be assigned or alienated and are not subject to execution, levy, attachment, garnishment, or other legal process**." 5 U.S.C. § 8437(f) goes on to state "The sums in the Thrift Savings Fund **shall not be appropriated** for any purpose other than the purposes specified in this section and may not be used for any other purpose."



1

3. The nonbankruptcy laws outlined in 5 U.S.C. § 8437 (and summarized in paragraph 2 above) are enforceable in this bankruptcy action by virtue of 11 U.S.C. § 541(c), which provides:

> "(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate … (2) **A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.**"

4. Debtor Ruiz' ownership interest in the TSP account is defined and characterized by California's community property laws (*see* p.6, Sections II and III below) as **present, existing and equal** (*see* p.8, Section V below) until the State of California divides the TSP account with an order incident to the decree of divorce. "A [California] community property settlement merely distributes to the spouses property which, by virtue of the marital relationship, he or she already owns." (*Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979)).

I. **TRUSTEE RUPP'S INCORRECT AND/OR IRRELEVANT CLAIMS**

5. ¶(A)(iii)-(iv), p.3, Trustee's Objections (DK 69): Trustee Rupp ignores the community property laws of the State of California (*see* p.8, Sections V and VII below), claiming that Debtor Ruiz does not have a present ownership interest in the TSP account, that *"the TSP account is not the account of the debtor."* However, Debtor Ruiz' ownership interest in the community portion of the TSP account is defined by California's community property laws (*see* p.6, Sections II and III below), and as such is unaffected by which spouse created or established or contributed to the TSP account as an "employee or member," or which spouse is named as the beneficiary of the account, or which spouse is the titled owner of the TSP account (*see* p.7, Section IV and p.8, Sections V and VII below).

2

6. ¶(A)(iv), pp.3-4, Trustee's Objections (DK 69): Trustee Rupp states that Debtor Ruiz is not the titled owner or beneficiary of the TSP, and that Debtor Ruiz has not asserted an interest or claim in the TSP. These facts, however, are irrelevant to Debtor Ruiz' ownership interest in the TSP account. The State of California's entire body of community property law provides that **Debtor Ruiz always held present, equal, and existing ownership of the TSP with her husband Jacob Ryan Ruiz**. (*see* p.7, Section IV and p.8, Sections V and VII below).

7. ¶(A)(iv), pp.3-4, Trustee's Objections (DK 69): Trustee Rupp incorrectly insinuates that Debtor Ruiz holds no ownership interest until the State of California divides the community property TSP account because Jacob Ruiz is the spouse titled as the owner of the TSP account. This is an improper application of Utah's "common law" property laws. In the State of California, it is irrelevant which spouse is named on the title of any community property (*see* p.7, Section IV).

8. ¶(A)(v), p.4, Trustee's Objections (DK 69): Trustee Rupp states that Debtor Ruiz is not a beneficiary or the contributing employee of the TSP account. Again, these facts are irrelevant given California's community property laws, and do not affect Debtor Ruiz' ownership interest in the TSP account.

9. ¶(A)(v), p.4, Trustee's Objections (DK 69): Trustee Rupp incorrectly claims that the "*anti-alienation provisions or restrictions on transfer of 8437 appear to protect only the actual "employee or member" of the thrift savings fund.*" The anti-alienation provision that Trustee Rupp appears to be referring to, 5 U.S.C. 8437(e)(2) and/or 5 U.S.C. 8437(f), pertain only to protecting the sums in the TSP account, and do not make any reference whatsoever to "protecting only the actual 'employee or member.'" The actual verbiage of these statutes state:

3

5 U.S.C. 8437(e)(2): "(2) Except as provided in paragraph (3), **sums in the Thrift Savings Fund may not be assigned or alienated** and are not subject to execution, levy, attachment, garnishment, or other legal process. ..."

5 U.S.C. 8437(f) : "(f) **The sums in the Thrift Savings Fund shall not be appropriated** for any purpose other than the purposes specified in this section and may not be used for any other purpose."

10.  ¶(A)(vi), p.4, Trustee's Objections (DK 69): Trustee Rupp again ignores the State of California's community property laws which provides that Debtor Ruiz holds present, equal, and existing ownership of the TSP account with her husband Jacob Ryan Ruiz (*see* p.7, Section IV and p.8, Sections V and VII below). Trustee Rupp instead incorrectly claims that Debtor Ruiz does not hold or assert a "beneficial interest in a trust" in the TSP account in an attempt to negate the application of 11 U.S.C. § 541(c), which enforces the anti-alienations provisions of 5 U.S.C. § 8437 in this bankruptcy exemption matter:

> 11 U.S.C. § 541(c) "(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate ... (2) A restriction on the transfer of a **beneficial interest of the debtor in a trust** that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

11.  ¶(B)(i), p.4, Trustee's Objections (DK 69): Trustee Rupp was served on 03-29-2022 with Docket Item 62 - Debtor's Response/Objection to Trustee's Objection to Exemption, which explained, described, and defined Debtor's ownership interest in the community-property TSP ad nauseum. Here in Trustee's Objections dated 04-27-2022, Trustee Rupp falsely claims that Debtor Ruiz has not properly defined or described her interest in the community-property TSP account. He had this information for a month before he made this false claim.

12.  ¶(B)(i), p.4, Trustee's Objections (DK 69): Trustee Rupp mischaracterizes Debtor Ruiz' ownership interest in the community property TSP account. Trustee Rupp claims that

4

Debtor Ruiz' ownership interest will be created when the community property division occurs. Trustee Rupp claims Debtor Ruiz' interest in the TSP account "*appears to be a property division claim to community or marital property.*" Again, this completely ignores the entire body of California's community property law and is an improper attempt to apply Utah's "common law" property laws to the current matter.

13. ¶(B)(ii), p.4, Trustee's Objections (DK 69): Trustee Rupp incorrectly claims that Debtor Ruiz has not claimed an "applicable exemption under applicable exemption law" for the TSP account. However, In Debtor Ruiz' Schedule C and her Response/Objection to Trustee's Objection to Exemption (Docket Item 62; 03-29-2022), Debtor Ruiz clearly and explicitly listed the statutes allowing for an exemption of the community-property TSP account:

> 11 U.S.C. 541(c): "(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate … (2) <u>A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title</u>."
>
> 5 U.S.C. 8437(e)(2): "(2) Except as provided in paragraph (3), <u>sums in the Thrift Savings Fund may not be assigned or alienated</u> and are not subject to execution, levy, attachment, garnishment, or other legal process. ..."
>
> 5 U.S.C. 8437(f) : "(f) <u>The sums in the Thrift Savings Fund shall not be appropriated</u> for any purpose other than the purposes specified in this section and may not be used for any other purpose."

14. ¶(B)(iii), p.4, Trustee's Objections (DK 69): Trustee Rupp states that Debtor Ruiz' TSP exemptions "*do not apply to a property division claim against the TSP.*" This is irrelevant because Debtor Ruiz does not simply have a "property division claim" against the TSP. By virtue of California's community property laws, Debtor Ruiz already owned the TSP account when she filed this bankruptcy action (*see* pp.6-9).

5

15. ¶(B)(iv), p.4, Trustee's Objections (DK 69): Trustee Rupp repeats his claim from paragraph (B)(ii) that Debtor Ruiz did not list an applicable exemption for the TSP account. Please refer to paragraph 13 above for Debtor Ruiz' response to this claim.

## II. STATE LAW DEFINES THE DEBTOR'S INTEREST IN THE TSP ACCOUNT

16. In *Butner*,[1] The U.S. Supreme Court held that property interests and liabilities are created under state law:

> "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, **there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.**" (*Butner* at 54-55)

## III. CALIFORNIA HOLDS JURISDICTION OVER THE DIVISION AND CHARACTERIZATION OF DEBTOR'S COMMUNITY ESTATE

17. In March of 2019, when the debtor's divorce action began, the debtor's husband (Jacob Ryan Ruiz) was domiciled in the State of California. The California Supreme Court held in *Smith*[2] that California has jurisdiction over litigants if at least one of the parties is domiciled within the State of California. Therefore, the State of California properly holds jurisdiction over the community estate[3] of the Debtor and Jacob Ryan Ruiz until the State of California issues a final decree of divorce and divides the community estate.

---

[1] *Butner v. United States*, 440 U.S. 48 (1979). ("*Butner*")
[2] *Smith v. Smith* (1955) 45 C 2d. 235. ("*Smith*")
[3] California Family Code § 63 defines *community estate* as "both community property and quasi-community property.

6

### IV. PROPERTY ACQUIRED DURING MARRIAGE IS COMMUNITY PROPERTY IN CALIFORNIA REGARDLESS OF WHICH SPOUSE IS LISTED AS THE OWNER

18.  In 2014, the California Supreme Court in *Valli*[4] held that property acquired during marriage is community property regardless of which spouse is listed as the owner:

> "Property that a spouse acquired during the marriage is community property (id., § 760) unless it is (1) traceable to a separate property source (case citations omitted), (2) acquired by gift or bequest (Fam. Code, § 770, subd. (a)(2)), or (3) earned or accumulated while the spouses are living separate and apart (id., § 771, subd. (a)). A spouse's claim that property acquired during a marriage is separate property must be proven by a preponderance of the evidence." (*Valli* at 1400 – some citations and quotes omitted)

> "Much property acquired during marriage is in the name of one of the spouses, such as salaries, stock options, retirement benefits, and the like. Applying section 662[5] to all such property — and concluding that it is separate property unless shown to be otherwise by clear and convincing evidence — would largely nullify the presumption that property acquired during marriage is community. (*Valli* at 1411-1412)

> "Future courts resolving disputes over how to characterize property acquired during the marriage in an action between the spouses should apply the community property statutes found in the Family Code[6] and not section 662." (*Valli* at 1414)

---

[4] *In re Marriage of Valli* (2014) 58 Cal.4th 1396. ("*Valli*")
[5] California Evidence Code § 662: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."
[6] California Family Code § 760: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."
California Family Code § 63: "'Community estate' includes both community property and quasi-community property."
California Family Code § 125: "'Quasi-community property' means all real or personal property, wherever situated, acquired…By either spouse while domiciled elsewhere which would have been community property if the spouse who acquired the property had been domiciled in this state at the time of its acquisition…"

7

V. **DEBTOR'S OWNERSHIP INTEREST IN THE COMMUNITY PORTION OF THE TSP ACCOUNT IS PRESENT, EXISTING, AND EQUAL**

19. In *Hisquierdo*[7], the U.S. Supreme Court clarified California-specific community property law, and held that:

> "The interests of the spouses in the assets of the marital community are during continuance of the marriage relation **present, existing and equal** interests. Upon dissolution of the marriage, each possesses an equal and absolute right to his or her one-half interest. The right of each spouse to his or her share of the community assets, then, is a substantive property right… **A community property settlement merely distributes to the spouses property which, by virtue of the marital relationship, he or she already owns.** (*Hisquierdo* at 593 – internal citations and quotes omitted)

VI. **THE COMMUNITY SHARE OF THE TSP ACCOUNT INCLUDES THE BALANCE ON THE DATE OF SEPARATION, PLUS ITS PRO RATA GROWTH AS OF THE DATE OF DIVISION**

20. The community share of the TSP account is $21,074.14 (the balance on the date of separation), plus the pro rata growth until it is divided. The pro rata growth on the community share from the date of separation has not been calculated. Debtor and her husband are each entitled to 50% of the community share upon division.

VII. **CALIFORNIA'S COMMUNITY PROPERTY CHARACTERIZATION ALSO APPLIES TO THE BANKRUPTCY COURT**

21. In 2020, the California Supreme Court in *Brace*[8] answered a question posed by the Ninth Circuit Court of Appeal regarding the characterization of property in bankruptcy. The answer in *Brace* determined "how much property a bankruptcy trustee can reach to satisfy a spouse's debts. If the property is separate, then the trustee can only reach the debtor spouse's 50

---

[7] *Hisquierdo v. Hisquierdo,* 439 U.S. 572 (1979). ("*Hisquierdo*")
[8] *In re Brace* (2020) 9 Cal.5th 903. ("*Brace*")

percent share. If the property is community, then the trustee can reach all the property, including the non-debtor spouse's share." The Justices in *Brace*[9] held that the characterization of property in a marital dissolution also applies in the context of a bankruptcy, and that the community estate[10] is liable for the debts of one or both spouses:

> "The Braces urge us to limit *Valli*[11] to the context of marital dissolutions. But we see no basis in the text, purpose, or history of Family Code section 760[12] to confine *Valli*'s holding in this way. It would carve a major hole in the community property system to hold that Evidence Code section 662[13], a general statute that addresses the import of legal title—and not Family Code section 760, a statute that specifically addresses the characterization of property acquired during marriage—governs the characterization of property acquired during marriage for all purposes other than divorce." (*Brace* at 928)

> "The community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgement for the debt." (*Brace* at 934)

> "In sum, we hold that the community property presumption in Family Code section 760 applies not only to dissolution actions but also to a dispute between one or both spouses and a bankruptcy trustee, and that Evidence Code section 662 does not apply when it conflicts with the Family Code section 760 presumption." (*Brace* at 935)

---

[9] *In re Brace* (2020) 9 Cal.5th 903. ("*Brace*")
[10] California Family Code § 63 defines *community estate* as "both community property and quasi-community property.
[11] *In re Marriage of Valli* (2014) 58 Cal.4th 1396. ("*Valli*")
[12] California Family Code § 760: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."
California Family Code § 63: "'Community estate' includes both community property and quasi-community property."
California Family Code § 125: "'Quasi-community property' means all real or personal property, wherever situated, acquired…By either spouse while domiciled elsewhere which would have been community property if the spouse who acquired the property had been domiciled in this state at the time of its acquisition…"
[13] California Evidence Code § 662: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."

## VIII. SUMMARY

22. Debtor Ruiz' ownership interest in the TSP account is defined and characterized by California's community property laws as present, existing, and equal until such a time that the State of California divides the community portion of the TSP account with an order incident to the upcoming decree of divorce.

23. "[T]he community property presumption [] applies not only to dissolution actions but also to a dispute between one or both spouses and a bankruptcy trustee…" (*In re Brace* (2020) 9 Cal.5th 903 at 935; p. 9, ¶21 above)

24. Debtor Ruiz is entitled to claim the following exemptions for her community portion of the TSP account: 11 U.S.C. 541(c)(2), 5 U.S.C. 8437(e)(2), and 5 U.S.C. 8437(f), as listed on her Schedule C, her Response/Objection to Trustee's Objection to Exemption (Docket Item 62), and this Response/Objection to Trustee's Objection to Amended Objection.

25. Property titled to Jacob Ruiz, including his vehicles (KBB value 05-22: $12,370) and his separate portion of the TSP account (approx. value: $30,000), is not protected by Debtor Bianca Ruiz' bankruptcy exemptions and is therefore legally liable for the debts listed in this bankruptcy proceeding (*In re Brace* (2020) 9 Cal.5th 903 at 935; p. 8, ¶21 above).

THEREFORE, based on the foregoing, Debtor respectfully requests that this Court deny the Trustee's Objection and allow the Debtor to claim the exemptions found in 11 U.S.C. 541(c), 5 U.S.C. 8437(e)(2), 5 U.S.C. 8437(f) for her community-owned TSP retirement account.

Dated May 15, 2022                    /s/
                                Bianca Kaylene Ruiz, Debtor