

Bianca Kaylene Ruiz
*Self-Represented Debtor*
1353 West Bison Drive
Riverton, Utah 84065
808-250-3396
biancakayleneruiz@gmail.com

FILED US Bankruptcy Court-UT
OCT 20 2022 PM 1:37

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re:<br>BIANCA KAYLENE RUIZ<br>Debtor. | Bankruptcy No. 21-24823<br>Chapter 7<br>Judge William T. Thurman |
|---|---|

### DEBTOR'S OMNIBUS OBJECTIONS TO CLAIMS 2 AND 3
### PURSUANT TO 11 U.S.C. §502(b)(1) AND §502(e)(1)(B)

Debtor Bianca Ruiz (the "Debtor") moves this Court for an order disallowing and expunging the claims set forth on **Exhibit 1** attached hereto pursuant to section 502(b)(1) and 502(e)(1)(B) of the Bankruptcy Code.

This objection is supported by the attached *Declaration of Bianca Ruiz* ("Debtor Decl."), the *Debtor's Motion for Judicial Notice in Support of Debtor's Objections to Claims* ("Judicial Notice"), the files and records in this case, and any evidence and argument as may be presented prior to or at the time of hearing on the objections.

17

1

## TABLE OF CONTENTS

JURISDICTION ........................................................................................................... 3

BACKGROUND ......................................................................................................... 3

RELIEF REQUESTED ............................................................................................... 4

CLAIMS OBJECTION ............................................................................................... 4

    I.    CLAIM 2 IS DISALLOWED UNDER 11 U.S.C. §502(b)(1) ...................... 5

        A.    Section 502(b)(1) of the Bankruptcy Code ........................................... 6

        B.    California State Law Defines Debtor's Rights to the Assets and Debts of the Community Estate ............................................................ 7

        C.    Property – Including Income and Bonuses - Acquired During Marriage is Community Property ........................................................ 8

        D.    Claimant's Bonus Was A Community Asset ..................................... 10

        E.    California's Community Property Characterization Also Applies to The Bankruptcy Court ................................................................... 11

    II.    CLAIM 3 IS DISALLOWED UNDER 11 U.S.C. §502(e)(1)(B) ............... 12

        A.    Claim 3 Seeks Reimbursement .......................................................... 12

        B.    Both Debtor and Claimant Are Liable For Claim 3 ........................... 13

        C.    Claim 3 is Contingent ......................................................................... 13

CONCLUSION ......................................................................................................... 15

DECLARATION OF BIANCA RUIZ .................................................................... 16

EXHIBIT 1 ................................................................................................................ 17

2

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1409.

3. The predicates for the relief requested herein are sections 105, 502, and 509 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3005 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## BACKGROUND

4. Debtor and Claimant Jacob Ryan Ruiz (the "Claimant") have been involved in divorce proceedings in the state of California since 03-11-2019.[1] As of October 2022, their community estate has not been divided, nor has there been a final Judgement of Dissolution, Decree of Divorce, or similar.[2]

5. On November 10, 2021 (the "Petition Date"), Debtor filed an individual voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court. On March 4, 2022, Claimant timely filed Proofs of Claim ("POC") 2 and 3 in this case (collectively, the "Claims"), attached hereto as Exhibit 1.

---

[1] Judicial Notice, p.6, ¶11.
[2] Judicial Notice, p.7, ¶12.

3

6. After reviewing the Claims, Debtor has concluded that the Claims are appropriately objected to on the bases set forth below.

## RELIEF REQUESTED

7. By this objection, Debtor respectfully requests entry of the Proposed Order disallowing and expunging Proofs of Claim 2 and 3 identified on and attached as Exhibit 1.

## CLAIMS OBJECTION

8. Once a proof of claim has been filed under 11 U.S.C. §501, the claim "is deemed allowed, unless a party in interest objects."[3] The POC constitutes prima facie evidence of the validity and amount of the claim.[4]

9. When the presumption of validity is present and a party in interest files an objection to the allowance of a claim, the well-established burdens of proof are as follows:

> "The objecting party has the burden of going forward with evidence supporting the objection. See *Abboud v. Abboud (In re Abboud)*, 232 B.R. 793, 796 (Bankr.N.D.Okla.), aff'd, 237 B.R. 777 (10th Cir. BAP 1999). Such evidence must be of probative force equal to that of the allegations contained in the proof of claim. See *id*. However, an objection raising only legal issues is sufficient. See *In re Lenz*, 110 B.R. 523, 525 (D.Colo.1990). Once the objecting party has reached this threshold, the creditor [claimant] has the ultimate burden of persuasion as to the validity and

---

[3] 11 U.S.C. §502(a); *In re Harrison* ("*Harrison*"), 987 F.2d 677, 680 (10th Cir.1993) (citing *In re Padget*, 119 B.R. 793, 797 (Bankr.D.Colo.1990)).
[4] Fed. R. Bank. P. 3001(f); *Harrison* at 680.

amount of the claim. See *In re Harrison*, 987 F.2d 677, 680 (10th Cir.1993)" (*Broadband Wireless* at 145)

10. Here, Claimant's POC 2 and 3 shifts the burden to Debtor Bianca Ruiz to attack the validity of those claims based on the law or evidence. Debtor's failure to meet this burden would result in the allowance of both Claims. But, if Debtor meets her burden, Claimant Jacob Ruiz would have the ultimate burden to prove the validity and amount of his claims.

## I. CLAIM 2 IS DISALLOWED UNDER 11 U.S.C. §502(b)(1)

11. In Proof of Claim 2, Claimant Jacob Ruiz represents to this Court that he is entitled to $10,982 from the Debtor.[5] These funds he claims in POC 2, however, were owned by Debtor by virtue of both titled ownership[6] and California community property law.[7] There is no order, no finding of any court, no judgement,[8] no written agreement or contract,[9] and no law that requires Debtor to reimburse Claimant for using her own funds.

12. Claimant states the basis for his claim as "*Reenlistment Bonus / pay checks spent <u>after separation</u> by Debtor.*"[10] However, both parties deposited

---

[5] Judicial Notice, p.12.
[6] Judicial Notice, p.5 ¶2, p.14.
[7] See paragraphs 16-23 below.
[8] Judicial Notice, p.6 ¶9.
[9] Judicial Notice, p.6 ¶8.
[10] Judicial Notice, p.12, ¶8.

5

their paychecks into this joint account.[11] Both parties made purchases using the funds in the joint checking account.[12] Both parties were owners of the joint checking account.[13] Claimant's reenlistment bonus was earned prior to the parties' separation.[14]

13. With Proof of Claim 2, Claimant is attempting to litigate an issue that is within the sole jurisdiction of the California family court in this federal court.[15] The date of separation is a contested issue in the Claimant and Debtor's divorce proceedings and there has been no finding on that matter.[16]

A. <u>Section 502(b)(1) of the Bankruptcy Code</u>

14. Section 502(a) and (b)(1) of Title 11 of the United States Code provide, in pertinent part:

> "(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ...objects.
>
> (b) ... if such objection to a claim is made, the court ... shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that-
>
> > (1) such claim is <u>unenforceable</u> against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured" (11 U.S.C. §502(a), (b)(1))

---

[11] Judicial Notice, pp.5-6, ¶¶5, 6 and 7.
[12] Judicial Notice, p.5, ¶¶3 and 4.
[13] Judicial Notice, p.5, ¶2.
[14] See paragraphs 20-21 below; Debtor Decl., ¶2.
[15] See paragraphs 11, 12, 13, and 14 below.
[16] Debtor Decl., ¶3.

15. The Senate Report accompanying section 502 further explains: "Paragraph (1) requires disallowance if the claim is unenforceable against the debtor for any reason ... other than because it is contingent or unmatured."

**B.  California State Law Defines Debtor's Rights to the Assets and Debts of the Community Estate**

16. The U.S. Supreme Court holds that property interests are created under state law. *Butner v. United States* (1979) 440 U.S. 48 ("*Butner*").

"Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." (*Butner* at 54-55)

17. In *Shore v. Shore* (1954) 43 Cal.2d. 677 ("*Shore*"), the California Supreme Court held that "[w]hen the property rights of the parties are put at issue, the court in a divorce action has jurisdiction to determine them." (*Shore* at 679). California Family Code section 2556 provides that "[i]n a proceeding for dissolution of marriage ... the court has continuing jurisdiction to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding."

7

18.  In the current matter, the Claimant and Debtor's divorce proceedings commenced on 03-11-2019,[17] but their community estate has not been divided.[18] Therefore, the State of California continues to hold jurisdiction over the division and characterization of the community estate.[19]

C.  **Property – Including Income and Bonuses - Acquired During Marriage is Community Property**

19.  In *Hisquierdo v. Hisquierdo* 439 U.S. 572 (1979) ("*Hisquierdo*"), the Supreme Court of the United States explains that federal courts will not override state law unless it will do major damage to a substantial federal interest, and also outlines community property law in California:

> "State family and family-property law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden." (*Hisquierdo* at 581 – citations omitted).

> "In general, all property which stems from the labors of either spouse during the marriage, irrespective of direct contributions to its acquisition or the condition of title is, in the absence of an agreement between the spouses to the contrary, community property. The spouses are deemed to have contributed equally to the acquisition of the property, regardless of the actual division of labor in the marriage and regardless of whether only one spouse formally 'earned it.'" (*Hisquierdo* at 593 – citations omitted).

---

[17] Judicial Notice, p.6 ¶11.
[18] Judicial Notice, p.7 ¶12.
[19] California Family Code § 63 defines community estate as "both community property and quasi-community property."

8

"The interests of the spouses in the assets of the marital community are during continuance of the marriage relation <u>present, existing and equal interests</u>." (*Hisquierdo* at 593 – citations omitted).

20. In 2014, the California Supreme Court held that property acquired or earned during marriage is community property regardless of which spouse is listed as the owner. *In re Marriage of Valli* (2014) 58 Cal.4th 1396 ("*Valli*").

"Property that a spouse acquired during the marriage is community property unless it is (1) traceable to a separate property source, (2) acquired by gift or bequest, or (3) earned or accumulated while the spouses are living separate and apart. A spouse's claim that property acquired during a marriage is separate property must be proven by a preponderance of the evidence." (*Valli* at 1400 –citations and quotes omitted)

"Married persons may, through a transfer or an agreement, transmute— that is, change—the character of property from community to separate or from separate to community. A transmutation of property, however, 'is not valid unless made **in writing** by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected.' To satisfy the requirement of an 'express declaration,' a writing signed by the adversely affected spouse must expressly state that the character or ownership of the property at issue is being changed." (*Valli* at 1400 – citations omitted)

"Much property acquired during marriage is <u>in the name of one of the spouses</u>, such as salaries, stock options, retirement benefits, and the like. Applying section 662[20] to all such property — and concluding that it is separate property unless shown to be otherwise by clear and convincing evidence — would largely nullify the presumption that property acquired during marriage is community." (*Valli* at 1411-1412)

"Future courts resolving disputes over how to characterize property acquired during the marriage in an action between the spouses should

---

[20] California Evidence Code §662: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."

9

apply the community property statutes found in the Family Code[21] and not section 662." (*Valli* at 1414).

### D. Claimant's Bonus Was A Community Asset

21. California Family Code § 760 provides that "all property ... acquired by a married person during the marriage ... is community property." As outlined above, property acquired during marriage is community property absent an agreement "made in writing ... signed by the adversely affected spouse ... expressly stat[ing] that the character or ownership of the property at issue is being changed between the spouses." (*Valli* at 1400). Also explained above, all property earned by either spouse is community property, "regardless of whether only one spouse formally 'earned it.'" (*Hisquierdo* at 593).

22. Claimant earned the bonus funds at issue on 02-22-2019 when he re-enlisted in the Navy.[22] The bonus funds were deposited into the parties' joint checking account on 03-06-2019.[23] Claimant and Debtor's divorce proceedings

---

[21] California Family Code §760: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."
California Family Code §63: "'Community estate' includes both community property and quasi-community property."
California Family Code §125: "'Quasi-community property' means all real or personal property, wherever situated, acquired...By either spouse while domiciled elsewhere which would have been community property if the spouse who acquired the property had been domiciled in this state at the time of its acquisition..."
[22] Judicial Notice, p.6 ¶10.
[23] Judicial Notice, p.6 ¶7.

10

were commenced on 03-11-2019.[24] There was no written transmutation agreement between the Claimant and Debtor.[25] Thus, the bonus funds were and continue to be a community asset earned during marriage.

### E. California's Community Property Characterization Also Applies to The Bankruptcy Court

23. In 2020, the California Supreme Court held that the characterization of property in a marital dissolution also applies in the context of a bankruptcy. *In re Brace* (2020) 9 Cal.5th 903 ("*Brace*").

> "In sum, we hold that the community property presumption in Family Code section 760 applies not only to dissolution actions but also to a dispute between one or both spouses and a bankruptcy trustee." (*Brace* at 935)

---

[24] Judicial Notice, p.6 ¶11.
[25] Debtor Decl., ¶4.

11

## II. CLAIM 3 IS DISALLOWED UNDER 11 U.S.C. §502(e)(1)(B)

24. Section 502(e)(1)(B) "disallows any claim for reimbursement ... by a [*codebtor*] to the extent such claim is contingent as of the time of allowance."[26]

> 11 U.S.C. §502(e)(1)(B): "...the court shall disallow any claim for reimbursement ... of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that-
> (B) such claim for reimbursement ... is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution"

25. Disallowance pursuant to 11 U.S.C. §502(e)(1)(B) is appropriate when three requirements are satisfied: (A) the claim is for reimbursement or contribution, (B) the debtor and the claimant are both liable for the claim, and (C) the claim is contingent. (*In re Regal Cinemas, Inc.* 393 F.3d 647, 650-651 (6th Cir. 2004).) Proof of Claim 3 meets all three requirements.

### A. Claim 3 Seeks Reimbursement

26. In Proof of Claim 3, Claimant Jacob Ruiz seeks <u>reimbursement</u> from Debtor Bianca Ruiz for half of the debt incurred by purchases made using credit card account 5687.[27] On page 2 of Proof of Claim 3, Claimant states the basis of his claim as "*Half of credit card debt from marriage*" as the answer to question 8.[28]

---

[26] Legislative Statements accompanying §502. Allowance of claims or interests.
[27] Judicial Notice, p.7 ¶¶14-16.
[28] Judicial Notice, p.68, ¶8.

12

### B. Both Debtor and Claimant Are Liable For Claim 3

27. Although Claimant Jacob Ruiz' Navy Federal Credit Union credit card account number 5687 is in his name only,[29] both Debtor and Claimant are liable for the debt that accrued thereon prior to their separation. In addition to the case law in paragraphs 16-23 above explaining community property law, Section 910 of the California Family Code concisely outlines the liability of spouses:

> Family Code §910(a): "Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt."

### C. Claim 3 is Contingent

28. Although Claimant and Debtor's divorce proceedings commenced on 03-11-2019,[30] their divorce is not yet final, and their property rights have not been adjudicated.[31] The manner in which their assets and debts will be divided is unknown because it is subject to the family court's discretion.

---

[29] Judicial Notice, p.7, ¶¶14 and 15.
[30] Judicial Notice, p.6 ¶11.
[31] Judicial Notice, p.7 ¶12.

13

29. When terms used in a statute are undefined, "we give them their ordinary meaning." (*Asgrow*[32] at 187) Because "contingent" is not defined in the Bankruptcy Code, the ordinary meaning of the word must be applied:

> contingent[33]  dependent on or conditioned by something else
> // Payment is *contingent* on fulfillment of certain conditions
> intended for use in circumstances not completely foreseen
> // *contingent* funds
> Synonyms: conditional, dependent, subject (to), tentative

30. The state of California is required to divide the community estate equally between the parties, although this doesn't mean that a specific asset or debt will be cut in half. Instead, it means that in terms of the overall marital balance sheet that there must be an equal division of all assets and liabilities. In order to affect an equal division of assets and liabilities, the family court may assign liabilities and assets as it sees fit:

> Family Code §2550: "Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, or as otherwise provided in this division, in a proceeding for dissolution of marriage or for legal separation of the parties, the court shall, either in its judgment of dissolution of the marriage, in its judgment of legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community estate of the parties equally."

---

[32] *Asgrow See Co. v. Winterboer*, 513 U.S. 179 (1995) ("*Asgrow*").
[33] contingent. 2022. In *Merriam-Webster.com*. Retrieved October 13, 2022, from https://www.merriam-webster.com/dictionary/contingent

14

Family Code §2553: "The court may make any orders the court considers necessary to carry out the purposes of this division." (*California Family Code: Division 7: "Division of Property" [2500-2660]*).

31.     Thus, Debtor's liability to reimburse Claimant for any amount of debt accrued on credit card number 5687 during their marriage is **contingent** upon the discretion of the California family court. It is equally possible that Debtor will be assigned a different marital debt of significantly equal value, such as credit card account number 4060 in the amount of $8,174, which is in Debtor's name only.[34]

## CONCLUSION

32.     Wherefore, for the reasons set forth herein, Debtor respectfully requests entry of the Proposed Order (i) disallowing and expunging POC 2 pursuant to 11 U.S.C. §502(b)(1), (ii) disallowing and expunging POC 3 pursuant to 11 U.S.C. §502(e)(1)(B), and (iii) granting such other and further relief as this Court deems just and proper.

Dated 10-18-2022

/s/ *[signature]*

Bianca Kaylene Ruiz
*Self-Represented Debtor*
1353 West Bison Drive
Riverton, Utah 84065
808-250-3396
biancakayleneruiz@gmail.com

---

[34] See Schedule E/F filed in this matter on 12-14-2021, p.3, #4.6.

## DECLARATION OF BIANCA RUIZ

I, Bianca Ruiz, declare as follows:

1. I am the debtor in this case.

2. Claimant Jacob Ruiz' reenlistment bonus was earned on 02-22-2022, prior to our separation.

3. The date of separation is a contested issue in our divorce proceedings and there has been no finding on that issue.

4. There was no written transmutation agreement between Claimant Jacob Ruiz and I regarding his reenlistment bonus.

I declare under penalty of perjury that the foregoing is true and correct.

Dated 10-18-2022

/s/ _____
Bianca Kaylene Ruiz
*Self-Represented Debtor*
1353 West Bison Drive
Riverton, Utah 84065
808-250-3396
biancakayleneruiz@gmail.com

16

# EXHIBIT 1

## CLAIMS TO BE DISALLOWED & EXPUNGED

| NO. | NAME | FILED | AMOUNT | REASON |
|---|---|---|---|---|
| 2 | Jacob Ryan Ruiz<br>3005 Bent Oak Rd.<br>Pensacola, FL 32526 | 03-04-2022 | $10,982 | 11 U.S.C. §502(b)(1) |
| 3 | Jacob Ryan Ruiz<br>3005 Bent Oak Rd.<br>Pensacola, FL 32526 | 03-04-2022 | $4,062 | 11 U.S.C. §502(e)(1)(B) |