Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, UT  84101
Telephone:  (801) 521-4135
Telefax: (801) 521-4252
Email: srupp@mbt-law.com

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | : Bankruptcy No. 21-24823 |
| | (Chapter 7) |
| BIANCA KAYLENE RUIZ, | : |
| | Honorable William T. Thurman |
| Debtor. | : |

**CHAPTER 7 TRUSTEE'S RESPONSE TO (1) DEBTOR'S MOTION FOR LEAVE TO FILE TIME-BARRED CLAIM; (2) DEBTOR'S AMENDED SCHEDULES A, B AND C FILED ON NOVEMBER 9, 2022; (3) PROOF OF CLAIM NO. 5 FILED BY DEBTOR ON NOVEMBER 14, 2022; AND (4) DEBTOR'S DECLARATION RE: NOVEMBER 2022 AMENDMENTS.**

The Trustee in the above-captioned case, Stephen W. Rupp, hereby responds to **(1) DEBTOR'S MOTION FOR LEAVE TO FILE TIME-BARRED CLAIM; (2) DEBTOR'S AMENDED SCHEDULES A, B AND C FILED ON NOVEMBER 9, 2022; (3) PROOF OF CLAIM NO. 5 FILED BY DEBTOR ON NOVEMBER 14, 2022; AND (4) DEBTOR'S DECLARATION RE: NOVEMBER 2022 AMENDMENTS.**  The Trustee responds as follows:

1. **Debtor's Motion For Leave to File Time-Barred Claim filed November 9, 2022, Docket Item #87.**

(a) The debtor is seeking leave to file a "time-barred claim." In response, the Trustee notes that the filing of claims is never "barred." Admittedly, the deadline for filing timely proofs of claim was May 26, 2022. That date is not a bar to the filing of proofs of claim, but only a deadline for the filing of timely-filed proofs of claim. In this case, the claim which the debtor seeks leave to file will simply be considered a late or "tardily filed" proof of claim as anticipated under 11 U.S.C. §726 of the Bankruptcy Code.

(b) Bianca Kay Ruiz tardily filed Proof of Claim No. 5 on November 14, 2022. The debtor, Bianca Kay Ruiz filed the proof of claim for her husband/creditor Jacob Ryan Ruiz in the amount of $4,013.52. The debtor, Bianca Ruiz, describes the basis of the claim as "contingent claim for reimbursement of monthly payments Jacob Ruiz may have to make towards the joint car loan (listed on Schedule E/F No. 4.5) after the bankruptcy petition date of November 10, 2021 on which he is a co-debtor with Bianca Ruiz." The $4,013.52 amount of the proof of claim is the same amount which the debtor has scheduled as the secured claim and car loan of Navy Federal Credit Union secured by the debtor's 2013 Audi A5 vehicle most recently scheduled by the debtor as having a $8,181.00 value.

In considering to the debtor's recent filing of Proof of Claim No. 5, the Trustee notes that the secured debt of Navy Federal Credit Union was reaffirmed by agreement between the debtor and Navy Federal Credit Union by reaffirmation agreement filed on December 14, 2021 (Docket Item #24) and approved by this Court by order filed on February 2, 2022 (Docket

Item #41).  The debtor filed a rescission of the reaffirmation agreement on April 15, 2022, (Docket Item #68).

The description of the basis for this claim as filed by the debtor concerns post-petition car payments made by the debtor's husband, Jacob Ruiz, in the total $4,013.52 amount of the secured claim of Navy Federal Credit Union against the debtor's 2013 Audi A5.

In view of the debtor's description of the basis for the claim, the claim appears to be a post-petition claim that is not only tardily filed, but should be disallowed or denied, and is not subject to the debtor's discharge.

2. **Debtor's Amended Schedules A, B and C Filed on November 9, 2022:**  The debtor filed amendments to Schedules A, B and C on November 9, 2022.  The debtor has amended and scheduled community properties of her and her husband as property of the bankruptcy estate.  All such properties appear to be the subject of and subject to a divorce pending since 2019 and subject to a property and debt division yet to be accomplished in the divorce proceeding.

From prior pleadings of the debtor, the debtor admits and has stated the position that the "debtor's ownership interest in [community property] is defined by California law as "present, equal, and existing" until such a time as the California court divides the community estate . . . [the] property division will merely distribute to each spouse property which, by virtue of the marital relationship, they already own."  The debtor has further stated that community property "acquired during the marriage of debtor and her husband plus its pro rata growth since

separation is community property owned equally between them until the community estate is divided." It has been the position of the debtor in this case that both the debtor and her non-debtor husband have a "present, equal, and existing" ownership interest in the community estate and properties subject to the division to be accomplished in the divorce proceeding.

In view of the Proofs of Claim No. 2 and 3 filed in this case by the debtor's non-debtor husband, Jacob Ruiz, and the allegations supporting those proofs of claim as well as other pre-petition factors, the division of the community property and debt is very much at issue, contested and the subject of litigation. (See debtor's Omnibus Objection to Claims 2 and 3 filed on October 20, 2022, Docket Item # 80).

Under these circumstances, the Trustee does not yet intend to administer property subject to the divorce and property division and property in which the debtor's non-debtor husband has an admittedly "present, equal and existing" ownership interest. The Trustee intends to wait out the divorce property division.

Should the debtor believe that claims or contingent property interests should be pursued for the benefit of the estate or that possible contingent and contested assets of the estate should be administered in a different manner, the Trustee invites the debtor to convert her bankruptcy case from Chapter 7 to Chapter 13.

It should also be noted that the Trustee is of the opinion that the debtor has received and wrongfully converted funds of the bankruptcy estate. The debtor is presently making payments under a settlement agreement for the repayment of converted funds. As

4

discussed below, the debtor may also need to account for any possible equity in the 2013 Audi A5.  Under all these circumstances, debtor's conversion to Chapter 13 may be in the best interest of the debtor and assist the debtor in the prosecution of this bankruptcy case and the administration of the bankruptcy estate.

As noted above, the community property and claim of the debtor are the subject of the pending 2019 divorce and property and debt division.  It appears in the best interest of the estate to have debtor and her non-debtor husband go forward in the divorce and accomplish the property division.  The Trustee will stipulate to relief from the automatic stay in order that the debtor and the debtor's non-debtor husband may proceed forward with the appropriate property and debt division in the long-pending 2019 divorce proceeding.

3. **Proof of Claim No. 5 Tardily Filed By Debtor on November 14, 2022:**   The Proof of Claim suggests that the secured debt to Navy Federal Credit Union secured by the 2013 Audi A5 has been paid or is to be paid by the debtor's non-debtor husband.  The fact that Navy Federal Credit Union has also filed Proof of Claim No. 1 as an unsecured credit card claim and has not filed any proof of claim as a secured car loan creditor also appears to support the conclusion that the debt secured by the 2013 Audi A5 has been paid by the debtor's non-debtor husband.  The amount of the proof of claim is the same amount as the car loan and secured claim of Navy Federal Credit Union.  The Audi A5 is property of the bankruptcy estate free and clear of any secured debt.  The debtor has most recently scheduled the value of 2013 Audi as $8,181.00.  The debtor has claimed an exemption of the vehicle in the total amount allowed by

the applicable statute U.C.A. §78B-5-506. That amount is $3,000.00. In view of these factors, the bankruptcy estate includes the 2013 Audi A5 in which there is presently a non-exempt equity of approximately $5,100.00. This Trustee's response includes a notice to the debtor that the debtor will need to turnover the vehicle for auction or account and turnover to the estate $5,100.00 of non-exempt equity.

## CONCLUSION

The amendments, objections, motions and proof of claim filed by the debtor, suggest that the debtor has an agenda and is attempting to accomplish something which she has not well explained or communicated to all parties-in-interest, including the Trustee. Under all the circumstances, the Trustee concludes that there is no opposition to the debtor tardily filing a Proof of Claim No. 5, that the proof of claim is objectionable and should be disallowed, that the debtor needs to turnover and account for $5,100.00 of non-exempt equity in the 2013 Audi, that the Trustee would encourage and stipulate to any relief from the stay needed by the debtor and the debtor's non-debtor husband to proceed in the divorce case to accomplish an appropriate division of property between the debtor's non-debtor husband and the bankruptcy estate and that the Chapter 7 Trustee will not object to debtor's conversion to Chapter 13.

DATED this 17th day of November, 2022.

McKAY, BURTON & THURMAN

By _____/s/   Stephen W. Rupp_____
    Stephen W. Rupp
    Attorneys for Chapter 7 Trustee

### CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on November 17, 2022, I electronically filed the foregoing *Chapter 7 Trustee's Response* with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

United States Trustee USTPRegion19.SK.ECF@usdoj.gov

I hereby certify that on November 17, 2022, I caused to be served a true and correct copy of the foregoing *Chapter 7 Trustee's Response* as follows:

**Mail Service - By regular first class United States Mail, postage fully pre-paid, addressed to:**

Bianca Kaylene Ruiz
1353 West Bison Drive
Riverton, UT 84065

/s/   Karin Powell