Stephen W. Rupp, #2824
**MCKAY, BURTON & THURMAN, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: srupp@mbt-law.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re:<br><br>BIANCA KAYLENE RUIZ<br><br>Debtor. | Bankruptcy Case No. 21-24823<br>(Chapter 7)<br><br>Judge William T. Thurman<br><br>**FILED ELECTRONICALLY** |
|---|---|

### AMENDED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, Trustee Stephen W. Rupp ("Trustee"), as trustee of the Chapter 7 bankruptcy estate of Bianca Kaylene Ruiz ("Debtor"), hereby moves the court for an order approving the settlement agreement (the "Agreement") between himself and Mr. Jacob Ruiz ("Mr. Ruiz"). A copy of the Agreement is attached hereto as Exhibit 1 and incorporated herein by this reference.

### BACKGROUND

1.      On November 20, 2021 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the bankruptcy code resulting in bankruptcy case 21-24823 (the

1

"Bankruptcy Case"), which is pending in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").

2.      As part of her statements and schedules filed in the Bankruptcy Case, Debtor scheduled a 2013 Audi A5 vehicle (the "Audi") with a value of $8,180.00, as property of the chapter 7 bankruptcy estate. Debtor further scheduled that the Audi was subject to a $4,013.00 secured car loan in favor of Navy Federal Credit Union ("NFCU").

3.      Debtor claimed a $3,000.00 vehicle exemption against the Audi. At the time of the claimed vehicle exemption, the Audi had a scheduled equity value of $4,168.00 ($8,180-$4,013=$4,168.00).

4.      Debtor and her non-filing spouse Mr. Ruiz are parties to a California divorce proceeding that has been pending since 2019. Debtor and Mr. Ruiz's respective property interests, including property and debt divisions, are still at issue in the divorce proceedings, and to Trustee's knowledge there has not yet been any property or debt division accomplished in the divorce proceeding.

5.      Since the Petition Date, Debtor has amended her bankruptcy schedules on multiple occasions. Pursuant to the latest amendments filed December 6, 2022 [Bankruptcy Case, ECF Docket No. 100], Debtor has scheduled California community property interests in three vehicles: (1) the Audi in possession and use of Debtor, (2) a 2002 Nissan Xterra in possession and use of Mr. Ruiz (the "Nissan"), and (3) a 2008 Subaru Forester in the possession and use of Mr. Ruiz (the "Subaru").

6. Mr. Ruiz disputes that the 2008 Subaru Forester is community property, and maintains that it is his separate property. Whether or not it is in fact community property is of no consequence to this settlement.

7. Before and after the Petition Date, Mr. Ruiz continued to make payments to NFCU on the loan against the Audi. Since the filing of Debtor's chapter 7 he has paid off the petition date $4,013.00 balance of the NFCU car loan ("Audi Loan Payments").

8. Debtor has filed a proof of claim for Mr. Ruiz, asserting a claim against the bankruptcy estate for the post-petition Audi Loan Payments. Said claim is filed in the Bankruptcy Case as Proof of Claim No. 5 in the amount of $4,013.00.

9. Trustee notes that all property interests and claims of Debtor, including community property interests, are property and claims of the chapter 7 bankruptcy estate.

10. After settlement negotiations, Trustee and Mr. Ruiz (through counsel) have agreed to resolve and compromise any and all claims and disputes that currently exist between them concerning the Audi Loan Payments, the Audi, the Subaru and the Nissan as outlined herein.

**TERMS OF SETTLEMENT AGREEMENT**

11. The material terms of the Agreement (*see* Exhibit 1) are as follows:

   a. Trustee agrees to convey, transfer, and assign to Mr. Ruiz any and all interests or claims of the bankruptcy estate, including any and all community property interests, to the Nissan and Forester, subject to community creditor claims (if any").

   b. Mr. Ruiz transfers, conveys, and assigns to Trustee any and all property interest or claims he holds regarding the Audi, including, but not limited to any and all

3

community property interests he currently holds with respect to the Audi. Mr. Ruiz also transfers to Trustee any and all property interest, claims, rights, equities or any other benefit arising from any and all payments made by Mr. Ruiz on the NFCU car loan secured by the Audi, including, through not limited to, the post-petition Audi Loan Payments, and including, but not limited to Proof of Claim No. 5 filed by Debtor Any and all claims, rights and benefits of or equities arising from the Audi Loan Payments are meant to be for the benefit of the bankruptcy estate in the amount of no less than $4,013.00.

   c. The Parties acknowledge that this Agreement is subject to notice to parties-in-interest in the Bankruptcy Case and approval of the Bankruptcy Court.

## MEMORANDUM OF LAW IN SUPPORT

In accordance with the Bankruptcy Appellate Panel for the Tenth Circuit's analysis in *C.K. Williams, Inc. v. All Am. Life Ins. Co. (In re Kopexa Realty Venture Co.), 213 B.R. 1020, 1022 (B.A.P. 10th)*, Trustee notes the following in support of the Agreement:

  1. **Probability of Success of the Underlying Litigation on the Merits.**

The first *Kopexa* factor requires the court to consider the probable success of the underlying litigation on the merits. At this time, Trustee has not commenced formal litigation. To avoid the costs and expenses associated with further litigation, Trustee has attempted, in good faith, to resolve his claims against Mr. Ruiz without the need to further litigate this matter. While Trustee believes he would be successful in litigating his claims against Mr., Ruiz, Trustee believes the Agreement is appropriate and in the best interests of creditors given: (a) the inherent risk that he may not prevail on his claims; (b) the claims in question and the time and cost associated with formally litigating the bankruptcy estate's claims; and (c) the fact that Defendant has agreed to the Agreement prior to

Trustee needing to commence formal litigation; Thus, this factor weighs in favor of approving the Agreement.

2. **Difficulty in Collection of a Judgment.**

The second *Kopexa* factor requires the court to consider the possible difficulty in collecting on a money judgment against the settling parties/defendants. Trustee believes he could collect on a money judgment against Defendant. However, Trustee recognizes there is an inherent risk in trying to collect on a judgment and the cost of doing so is expensive. Thus, this factor weighs in favor of approving the Agreement.

3. **The Complexity and Expense of the Litigation.**

The third *Kopexa* factor requires the court to consider the complexity and expense of any litigation. As set forth above, continuing litigation of the bankruptcy estate's claims would be expensive compared to the potential recovery. Under the Agreement, any speculation, cost, expense, or risk of litigation is avoided. In light of the amount in controversy, Trustee believes the financial benefit of the Agreement to creditors of Debtor's bankruptcy estate is better than if he were to litigate his claims. Trustee's receipt of Mr. Ruiz' interest in the Audi, and Mr. Ruiz' interest in the Audi Loan Payments and Proof of Claim No. 5 confers a potential financial benefit to the estate of no less than $4,013.00. Thus, this factor weighs in favor of approving the Agreement.

4. **The Interest of Creditors and Deference to their Reasonable Views.**

The fourth and final *Kopexa* factor looks at the interests of creditors in deference to their reasonable views. The very purpose of this motion and accompanying notice of hearing is to give notice to creditors in order that they might respond or express any interest or views which Trustee has not fully considered. This motion gives all parties-in-interest an opportunity to express their reasonable views and any interests which argue against the Agreement. As noted above, Trustee

5

believes, in his business judgment, that the Agreement is in the best interest of creditors and the bankruptcy estate. By negotiating a settlement of the bankruptcy estate's claims, Trustee has avoided the costly delays and expenses associated with litigation. Thus, this factor weighs in favor of approving the Agreement.

## CONCLUSION

Based on the foregoing, Trustee respectfully requests that the court grant this motion and enter an order approving the Agreement.

DATED this 21nd day of December, 2022

**MCKAY, BURTON & THURMAN, P.C.**

/s/ Stephen W. Rupp
Stephen W. Rupp
*Chapter 7 Trustee*

# EXHIBIT 1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into as of the 12th day of December, 2022, but effective as of the Effective Date (as defined below), by and between Stephen W. Rupp ("Trustee"), as trustee of the Chapter 7 bankruptcy estate of Bianca Kaylene Ruiz in case 21-24823 on the one hand, and Mr. Jacob Ruiz ("Mr. Ruiz"), on the other hand. Trustee and Mr. Ruiz are sometimes referred to herein individually as a "Party" or collectively as the "Parties."

## RECITALS

A. On November 20, 2021 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the bankruptcy code resulting in bankruptcy case 21-24823 (the "Bankruptcy Case"), which is pending in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").

B. As part of her statements and schedules filed in the Bankruptcy Case, Debtor scheduled a 2013 Audi A5 vehicle (the "Audi") with a value of $8,180.00, as property of the chapter 7 bankruptcy estate. Debtor further scheduled that the Audi was subject to a $4,013.00 secured car loan in favor of Navy Federal Credit Union ("NFCU").

C. Debtor claimed a $3,000.00 vehicle exemption against the Audi. At the time of the claimed vehicle exemption, the Audi had a scheduled equity value of $4,168.00 ($8,180-$4,013=$4,168.00).

D. Debtor and her non-filing spouse Mr. Ruiz are parties to a California divorce proceeding that has been pending since 2019. Debtor and Mr. Ruiz's respective property interests, including property and debt divisions, are still at issue in the divorce proceedings, and to Trustee's knowledge there has not yet been any property or debt division accomplished in the divorce proceeding.

E. Since the Petition Date, Debtor has amended her bankruptcy schedules on multiple occasions. Pursuant to the latest amendments filed December 6, 2022 [Bankruptcy Case, ECF Docket No. 100], Debtor has scheduled California community property interests in three vehicles: (1) the Audi in possession and use of Debtor, (2) a 2002 Nissan Xterra in possession and use of Mr. Ruiz (the "Nissan"), and (3) a 2008 Subaru Forester in the possession and use of Mr. Ruiz (the "Subaru").

F. Mr. Ruiz disputes that the 2008 Subaru Forester is community property, and maintains that it is his separate property. Whether or not it is in fact community property is of no consequence to this settlement.

G. Before and after the Petition Date, Mr. Ruiz continued to make payments to NFCU on the loan against the Audi. Since the filing of Debtor's chapter 7 he has paid off the petition date $4,013.00 balance of the NFCU car loan ("Audi Loan Payments").

H. Debtor has filed a proof of claim for Mr. Ruiz, asserting a claim against the bankruptcy estate for the post-petition Audi Loan Payments. Said claim is filed in the Bankruptcy Case as Proof of Claim No. 5 in the amount of $4,013.00.

I. Trustee notes that all property interests and claims of Debtor, including community property interests, are property and claims of the chapter 7 bankruptcy estate.

J. After settlement negotiations, Trustee and Mr. Ruiz (through counsel) have agreed to resolve and compromise any and all claims and disputes that currently exist between them concerning the Audi Loan Payments, the Audi, the Subaru and the Nissan as outlined herein.

**NOW, THEREFORE**, in consideration of the foregoing recitals of fact, and subject to the approval of the Bankruptcy Court in the Bankruptcy Case, the Parties hereby agree as follows:

1. Effectiveness of Agreement. This Agreement shall become effective upon the entry of an order by the Bankruptcy Court in the Bankruptcy Case approving this Agreement. The date of entry of the Bankruptcy Court's order approving this Agreement is herein referred to as the "Effective Date." Trustee shall file a motion with the Bankruptcy Court seeking approval of this Agreement and provide notice of the motion to all parties-in-interest entitled to such notice in the Bankruptcy Case.

2. Conveyance from Trustee. Trustee agrees to convey, transfer, and assign to Mr. Ruiz any and all interests or claims of the bankruptcy estate, including any and all community property interests, to the Nissan and Forester, subject to community creditor claims (if any).

3. Conveyance from Mr. Ruiz. Mr. Ruiz transfers, conveys, and assigns to Trustee any and all property interest or claims he holds regarding the Audi, including, but not limited to any and all community property interests he currently holds with respect to the Audi. Mr. Ruiz also transfers to Trustee any and all property interest, claims, rights, equities or any other benefit arising from any and all payments made by Mr. Ruiz on the NFCU car loan secured by the Audi, including, through not limited to, the post-petition Audi Loan Payments, and including, but not limited to Proof of Claim No. 5 filed by Debtor. Any and all claims, rights and benefits of or equities arising from the Audi Loan Payments are meant to be for the benefit of the bankruptcy estate in the amount of no less than $4,013.00.

4. <u>Bankruptcy Court Approval</u>. The Parties acknowledge that this Agreement is subject to notice to parties-in-interest in the Bankruptcy Case and approval of the Bankruptcy Court.

5. <u>Governing Law</u>. This Agreement and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the laws of the State of Utah, except to the extent such laws are superseded by the laws of the United States of America, and in such instances, the laws of the United States shall control.

6. <u>Attorneys' Fees and Costs</u>. Except as otherwise provided in this Agreement, the Parties shall bear their own attorneys' fees and costs arising from or related to the execution of this Agreement.

7. <u>Future Attorneys' Fees</u>. In the event of any litigation or dispute resolution relating to this Agreement, the prevailing Party shall be entitled to collect from the other Party to such litigation or dispute resolution any and all reasonable costs (including attorneys' fees) incurred by the prevailing Party in connection with such litigation or dispute resolution. Such relief shall be in addition to any other relief to which the prevailing Party may be entitled.

8. <u>No Intended Third-Party Beneficiaries</u>. There are no intended third-party beneficiaries of this Agreement.

9. <u>Other Claims/Property of Debtor's Bankruptcy Estate</u>. Except for those items, claims, and properties expressly resolved/compromised herein, nothing in this Agreement shall be construed as a limitation on Trustee's ability to liquidate assets and/or claims of Debtor's bankruptcy estate, if any.

10. <u>Binding Effect; Entire Agreement; Amendment</u>. This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, and assigns, officers, directors, employees, agents, attorneys and representatives, subrogees, and to all persons or entities claiming by, through or under them. This Agreement is fully integrated and represents the entire understanding between the Parties, and there are no written or oral agreements between them which are not set forth herein. None of the provisions of this Agreement may be changed, discharged or terminated orally and may be modified or amended only by an instrument in writing, signed by all Parties. Likewise the rights available to each of the Parties under this Agreement cannot be waived or released orally, and may be waived or released only by an instrument in writing, signed by the Party whose rights will be diminished or adversely affected by the waiver.

11. <u>Severability</u>. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Furthermore, all other provisions not so prohibited or unenforceable shall remain effective.

12. <u>Captions</u>. The captions and headings are for reference and convenience only and shall not affect the construction or interpretation of any of the terms of this Agreement.

13. <u>Joint Preparation</u>. This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one party.

14. <u>No Inducement</u>. The Parties represent, warrant, and agree that upon executing and entering into this Agreement, they, and each of them, are not relying upon and have not relied upon any representation, promise, or statement made by anyone which is not recited, contained, or embodied in this Agreement.

15. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement. Facsimile or e-mailed signatures by PDF shall have the same force and effect as original signatures.

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement as follows:

_____　　　Dated this 20 day of December, 2022.
Jacob Ruiz

**CHAPTER 7 BANKRUPTCY ESTATE
OF BIANCA KAYLENE RUIZ**

_____　　　Dated this 20 day of December, 2022.
Stephen W. Rupp
Trustee

4 of 4