Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, UT  84101
Telephone:  (801) 521-4135
Telefax: (801) 521-4252
Email: srupp@mbt-law.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | : Bankruptcy No. 21-24823 |
| | (Chapter 7) |
| BIANCA KAYLENE RUIZ, | : |
| | Honorable William T. Thurman |
| Debtor. | : |

**CHAPTER 7 TRUSTEE'S RESPONSE TO DEBTOR'S MOTIONS FOR
JUDICIAL NOTICE #1 AND #2**

The Trustee in the above-captioned case, Stephen W. Rupp, hereby responds to the debtor's Motion For Judicial Notice.

In prosecution of various motions and responses or replies or responses to motions, the debtor has submitted to the Court two pending motions for judicial notice.  The most recent Motion for Judicial Notice #2 is dated December 22, 2022 (Docket Item 123) and appears to go to the most recent pending matters before the Court, the Trustee's motion for a turnover order and the Trustee's motion for approval of settlement with Jacob Ruiz, the debtor's non-debtor husband.  In order to facilitate the consideration of the Trustee's motions and the debtor's responses and objections, the Trustee provides as follows:

1.      The Motion For Judicial Notice #1 is moot.  The debtor's objections to the two claims of Jacob Ruiz were sustained by default.

2.       Instead of the Court having to determine whether judicial notice of the various exhibits attached to the debtor's Motion For Judicial Notice is appropriate, the Trustee hereby stipulates that the exhibits submitted by the debtor and attached to the Motions For Judicial Notice be received by the Court.

3.      The debtor has attached as Exhibit 13 a portion of the email chain between the Trustee and the debtor from December 1, 2022 to December 9, 2022.  The debtor asserts that this email chain is evidence that the "Trustee continues to misrepresent the law."  Since the debtor wishes to have the Court consider the email chains and the exchanges between the Trustee and the debtor concerning the various issues in this case, the Trustee attaches to this Response the full email chain by and between the debtor and the Trustee from December 1, 2022 to the present.

4.      The Trustee hopes hereby to avoid the necessity of considering the debtor's Motions For Judicial Notice  and assist the parties and the Court to focus on the pending issues raised by the Trustee's Motion For Turnover Order and Motion For Approval of Settlement.

DATED this 6th day of January, 2023.

McKAY, BURTON & THURMAN

By     /s/ Stephen W. Rupp
   Stephen W. Rupp
   Attorneys for Chapter 7 Trustee

### CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on January 6, 2023, I electronically filed the foregoing *Chapter 7 Trustee's Response to Debtor's Motion For Judicial Notice #2* with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

United States Trustee USTPRegion19.SK.ECF@usdoj.gov

I hereby certify that on January 6, 2023, I caused to be served a true and correct copy of the foregoing *Chapter 7 Trustee's Response to Debtor's Motion For Judicial Notice #2* as follows:

**Mail Service - By regular first class United States Mail, postage fully pre-paid, addressed to:**

Bianca Kaylene Ruiz

1353 West Bison Drive

Riverton, UT 84065

    /s/ Karin Powell

**EXHIBIT "A"**

**Stephen Rupp**

| | |
|---|---|
| From: | Bianca Ruiz <biancakayleneruiz@gmail.com> |
| Sent: | Thursday, January 5, 2023 5:48 PM |
| To: | Stephen Rupp |
| Subject: | Re: 21-24823 Ruiz, Bianca |

## Thank you for sharing your opinions. Please let me know when you are ready to negotiate the $1,186 Audi equity the Chapter 7 estate is entitled to.

On Thu, Jan 5, 2023 at 5:19 PM Stephen Rupp <SRupp@mbt-law.com> wrote:

Obviously I disagree with your arguments.

Under the settlement the estate realizes $4,013 more than $1,186.

As trustee I can settle disputed matters, in particular property and debt division matters that you have failed to prosecute since 2019. Your property division claims are property of the bankruptcy estate. In short, I can settle up the community property issues by accomplishing property divisions. If you don't like that, you should convert to Chapter 13 or Chapter 11.

Please remember that the transfers to Mr. Ruiz are subject to community debts and creditors. That protects the creditors.

According to your values, half the values of the Nissan and Subaru is $6,059. Under the settlement, the estate realizes $5,199. The difference is only $860. And that's the difference if you hit a home run on disputed and contested matters which you have failed to pursue. Supposing the Subaru, (or the equity in the Subaru due to post-separation payments) was not community property, but separate property of Mr. Ruiz. Then the settlement gets for the estate $5,199 in return for $2,367. The settlement is a great deal for the estate one way or another, especially in settling up stale and disputed property division claims of the estate. Business wise, the legal pursuit of $860 subject to dispute makes no financial sense.

Please also remember that the settlement includes the estate acquiring the claim of Mr. Ruiz which you filed as POC 5. So there's another consideration to the estate for the settlement.

1

To show that you are "aggrieved," you'll need to show how much of the estate might trickle down to the student loan. Good luck. At best that amount might be $860 more than the proposed settlement. I've offered more than that in trying to settle this matter.

Yes, you can appeal and request a stay pending appeal. But you're driving a depreciating asset. I'll request a bond pending appeal in the amount of $5,199, adequate protection against use and market depreciation or turnover of and mothballing the car plus protection against depreciation pending the outcome of the appeal. You're also driving up the administrative costs and expenses of this bankruptcy estate.

I note that you're still trying to hide the $4,013 behind some suggestion of exemption, yet you have failed to schedule, explain and claim the property or the exemption.

All this makes no sense. We should settle. We can do this for $2,400 (for the tax refund), $3,954 (for the car) or make certain and firm claim of exemption of the $4,013, (see again paragraph 3 of 12/27/22 email), in which case the amount of $1,186 for the car.

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

---

**From:** Bianca Ruiz <biancakayleneruiz@gmail.com>
**Sent:** Thursday, January 5, 2023 2:41 PM
**To:** Stephen Rupp <SRupp@mbt-law.com>
**Subject:** Re: 21-24823 Ruiz, Bianca

Your agreement with Mr. Ruiz is legally unenforceable as outlined in my Response/Objections.

I would have standing to appeal. The conveyance of estate assets to Mr. Ruiz instead of liquidation and payment to my creditors, specifically my

2

student loan which survives bankruptcy discharge, makes me an aggrieved party. I'm sure I would find other grounds to appeal if and when I specifically research it.

If the Court orders turn over of the Audi as opposed to the $1,186 in equity the estate is actually entitled to, I plan to request a stay pending appeal.

On Thu, Jan 5, 2023 at 2:08 PM Stephen Rupp <SRupp@mbt-law.com> wrote:

Ms. Ruiz,

Thanks for narrowing the issues. It's a good thing that all our communications have been in writing.

You have until March 1, 2023 to turn over the balance of the 2021 tax refunds.

In view of the settlement reached with Jacob Ruiz, the bankruptcy estate wholly owns all interests in the car subject only to your $3,000 exemption of value.

So to conclude this case –

    Deliver the car to be auctioned, $3,000 of proceeds to you, the balance of sale proceeds to the bankruptcy estate, or

    Turnover $8,181 - $3,000 = $5,181. (Trying to not muddy the water, but I'll also discount the $8,181 by 15%, so end number is $8,181 - $1,227 - $3,000 = $3,954)

    Turnover a total of $2,400 (balance of 2021 tax refunds not turned over) by March 1, 2023.

3

If this happens, we're done.

Please note that because you're receiving your $3,000 vehicle exemption, all and everything that you're entitled to in the car, you likely will have no standing to object to the settlement with Jacob Ruiz. The settlement does not hurt you.

So it seems that none of the motions for judicial notice are necessary except for our email chain. You seek to have the court receive and consider our email chain from 12/1/22 to 12/9/22. I have no objection. In fact, I'm going to go a step further and take the opportunity to submit our whole email chain from 12/1/22 to the present. The court will have everything. In light of our communications and pleadings, the court will already have a good understanding of our arguments by the hearing on the 19th.

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

---

**From:** Bianca Ruiz <biancakayleneruiz@gmail.com>
**Sent:** Wednesday, January 4, 2023 4:45 PM
**To:** Stephen Rupp <SRupp@mbt-law.com>
**Subject:** Re: 21-24823 Ruiz, Bianca

# It seems we agree on the following items:

1. Continuing the $50 per month payment plan for the 2021 tax funds until I receive my 2022 return, as stated in your Motion to Turn Over Property, Doc #111, p.3, "This agreement will enable the debtor ..."
2. The Chapter 7 estate is entitled to the $1,168 of equitable interest in the Audi as of the petition date - 11-10-2021.

4

It seems we disagree regarding the Chapter 7 estate's entitlement to the $4,013 added to the Audi's equity after the petition date of 11-10-2021.

Other than those three matters, all other points are irrelevant to the estate receiving its legal interests.

On Wed, Jan 4, 2023 at 2:56 PM Stephen Rupp <SRupp@mbt-law.com> wrote:

I don't understand your email. The source of the post-petition payments was admittedly part of our negotiations concerning the equity in the car, not a matter directly on today's docket. Admittedly, we could avoid the hearings if we reached a settlement. However, had we gone forward and argued the motion to compel turnover of the car, and in view of your response and objection, I don't know how you were going to avoid the issue.

As we prepare for the 1/19/23 hearing, would you be so kind as to explain your motions for judicial notice. They seem unnecessary except in the case of contested relevant facts that can somehow be fixed by evidence of which the court can take judicial notice. Can you identify what such relevant facts you believe are disputed and can be fixed by judicial notice? I'm very willing to review your statement of facts and admit or deny each fact. I think you'll find that the motions for judicial notice are for the most part unnecessary and only go to encumber the hearing.

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

**From:** Bianca Ruiz <biancakayleneruiz@gmail.com>
**Sent:** Wednesday, January 4, 2023 1:47 PM
**To:** Stephen Rupp <SRupp@mbt-law.com>
**Subject:** Re: 21-24823 Ruiz, Bianca

5

**Stephen Rupp**
___

| | |
|---|---|
| From: | Stephen Rupp |
| Sent: | Wednesday, January 4, 2023 2:56 PM |
| To: | Bianca Ruiz |
| Subject: | RE: 21-24823 Ruiz, Bianca |

I don't understand your email. The source of the post-petition payments was admittedly part of our negotiations concerning the equity in the car, not a matter directly on today's docket. Admittedly, we could avoid the hearings if we reached a settlement. However, had we gone forward and argued the motion to compel turnover of the car, and in view of your response and objection , I don't know how you were going to avoid the issue.

As we prepare for the 1/19/23 hearing, would you be so kind as to explain your motions for judicial notice. They seem unnecessary except in the case of contested relevant facts that can somehow be fixed by evidence of which the court can take judicial notice. Can you identify what such relevant facts you believe are disputed and can be fixed by judicial notice? I'm very willing to review your statement of facts and admit or deny each fact. I think you'll find that the motions for judicial notice are for the most part unnecessary and only go to encumber the hearing.

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

___

**From:** Bianca Ruiz <biancakayleneruiz@gmail.com>
**Sent:** Wednesday, January 4, 2023 1:47 PM
**To:** Stephen Rupp <SRupp@mbt-law.com>
**Subject:** Re: 21-24823 Ruiz, Bianca

## The source of the post-petition payments is not on the docket today. That is scheduled for hearing for Jan 18. I didn't receive my due process right to notice that those matters would be argued today.

On Wed, Jan 4, 2023 at 12:50 PM Stephen Rupp <SRupp@mbt-law.com> wrote:

> Nope. Not fluff. It all goes to your unequivocal admission that the $4,013 of vehicle equity is or is traceable to exempt support. If you're denying that the source is exempt support, then you'll need to turnover the $1,168 plus $4,013 of equity.

1

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

---

**From:** Bianca Ruiz <biancakayleneruiz@gmail.com>
**Sent:** Wednesday, January 4, 2023 12:33 PM
**To:** Stephen Rupp <SRupp@mbt-law.com>
**Subject:** Re: 21-24823 Ruiz, Bianca

There seems to be a lot of added "fluff" not related to the estate receiving its $1,168 interest in the Audi, no?

Sent from my iPad

On Jan 4, 2023, at 12:03 PM, Stephen Rupp <SRupp@mbt-law.com> wrote:

Yes, under the terms set forth in my 12/27/22 email, in particular the paragraph numbered 3.

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

---

**From:** Bianca Ruiz <biancakayleneruiz@gmail.com>
**Sent:** Thursday, December 29, 2022 8:00 AM
**To:** Stephen Rupp <SRupp@mbt-law.com>
**Subject:** Re: 21-24823 Ruiz, Bianca

So you're ready to negotiate payment of the $1,186 in the Audi's equity that the estate is entitled to?

2

On Tue, Dec 27, 2022 at 3:20 PM Stephen Rupp <SRupp@mbt-law.com> wrote:

Ms. Ruiz,

I've received and reviewed your Response and Objections to Trustee's Motion to Approve Settlement and Motion to Turn Over Property. I've also re-reviewed your most recent amended complaint filed in adversary proceeding 22-02000, in particular pages 2 and 14-15. I've also reviewed your most recent amendments to Schedules A/B and C.

I'm sorry you chose not to respond to my December 9, 2022 email. Perhaps we could have reached some settlement and saved you from doing so much work.

Please consider the following –

1. You don't like the fact that Jacob Ruiz used ("offset") a part of your support payments to make the NFCU car payments on your car. So much so, that until recently you've maintained that the car payments he has paid are not support payments or in the nature of support and are not traceable to support payments. So much so, that you have filed a proof of claim asserting that the car payments and their benefit went to the bankruptcy estate and that the bankruptcy estate is liable for Jacob Ruiz's payments on your car. Never have you admitted or conceded that the payments on your car went to your benefit and support, let alone satisfied or should be credited to Jacob Ruiz's support obligation.
2. Other than a support arrearage of about $1,700, you have not scheduled Jacob Ruiz's DSO obligation nor your entitlement to support nor claimed them exempt. You've never claimed the $4,013 as exempt or traceable to exempt property. Instead, you did assert that the $4,013 went to and was for the non-exempt benefit of the bankruptcy estate.
3. I've always been willing to consider the $4,013 of payments and the $4,013 of car equity generated by the payoff of NFCU car loan by the payments to be exempt or traceable to exempt property so long as you admitted that the amount was attributable to and should be credited to exempt support payments. Your admission and claim of exemption now require the following –

    1. Written admission that the $4,013 of payments came from exempt support payments and should be credited against the support obligation of Jacob Ruiz, a property of the estate to be appropriately scheduled and claimed exempt.
    2. Scheduling the support obligation of Jacob Ruiz, including post-petition payments, including specifically the payments of $4,013, to be property of the estate on an amended Schedule A/B.
    3. Amending Schedule C to claim the support obligation and post-petition payments (See a.) as exempt.
    4. Withdrawing proof of claim No. 5
    5. Dismissing with prejudice adversary proceeding 22-02000 and all appeals.
    6. Dismissing with prejudice all the California proceedings (page 14 of your complaint in 22-02000), except for the main divorce proceeding,

    Doing all this should save you the car. I'll agree to settle up the non-exempt value of the car for $1,168 should you do all above. Please make a proposal for prompt payment of the $1,168.

1. I intend to go forward with the property division settlement with Jacob Ruiz concerning the 3 cars. This assures you keep your car without contest. This gives you the whole car, including the $4,013 equity attributable to payments by Jacob Ruiz. To the extent you might think this somehow unfair, note that the transfers of the 2 cars to Jacob Ruiz are subject to community debt or creditors. I also note that you can make any adjustments or iron out any alleged unfairness in the divorce property division, including the division of the TSP account. The settlement is also justified under the "bird in hand rather than 2 in the bush" reasoning.
2. As for the $2,350, please note that the turnover deadline is the same day you agreed to pay the full balance of the $2,400. The deadline is per agreement. It is not tied to your 2022 tax refunds. The date/deadline was fixed to provide you opportunity to use tax refunds, if any, to help you make the payment in full by the deadline. With the turnover order, the date/deadline is both contractual and fixed by turnover order.
3. I call to your attention that your second $50 per month (December) payment bounced.

Please respond to this asap. I believe it gives you everything you've requested – the whole ownership of the car but for $1,168 of value. It leaves you with your other divorce property and debt division matters except for the 3 cars. It fixes and maps out the further administration of the estate. The administration of the estate can be completed as soon as you make your payments. You're in control.

I look forward to your response,

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

---

**From:** Stephen Rupp
**Sent:** Friday, December 9, 2022 12:29 PM
**To:** Bianca Ruiz <biancakayleneruiz@gmail.com>; Brian Porter <bporter@mbt-law.com>; Karin Powell <kpowell@mbt-law.com>
**Subject:** RE: 21-24823 Ruiz, Bianca

1. All your property interests and claims are properties of the bankruptcy estate. The equity value of a property of the estate is value less secured debt. Secured debt takes priority over exemption. Obviously the net equity value to the estate takes into account the amount of secured debt and the amount of the available and allowed exemption claimed by the debtor.
2. Property of the estate includes "property that the estate acquires after the commencement of the case." 541(a)(7). Property of the estate also includes all "proceeds, product, ..., rents, or profits of or from the property of the estate" except such as are earnings from services performed by the debtor after the commencement of the case. 541(a)(6).

4

3. Please note that property of your bankruptcy estate includes your pending divorce property and debt division claims.
4. The $4,013 is not attributable to your post-petition earnings. The $4,013 will be "proceeds" from the sale of the car.
5. The bankruptcy estate acquired $4,013 of equity value in property of the estate due to the pay-off of secured debt against property of the estate.
6. You've ignored the argument that your POC 5 admits and confirms that the bankruptcy estate received (acquired) the benefit of the $4,013 paid by Jacob Ruiz in payoff of the secured NFCU debt against property of the estate.
7. As for your point 3, I previously suggested that the source might be child support, but you have never admitted such. You've never withdrawn POC 5. You've never explained the source of the $4,013. As far as I can tell, Jacob Ruiz's payments on the car debt were due to prepetition divorce obligations or claims which are property of the bankruptcy estate. Your POC 5 confirms that the benefit of the $4,013 went to the bankruptcy estate, not to you as child support.

Perhaps this explanation will help,


Stephen W. Rupp
McKay, Burton & Thurman
<u>15 West South Temple</u>
<u>Suite 1000</u>
<u>Salt Lake City, Utah 84101</u>
(801)521-4135
(801)521-4252 (fax)
email: <u>srupp@mbt-law.com</u>

---

**From:** Bianca Ruiz <<u>biancakayleneruiz@gmail.com</u>>
**Sent:** Thursday, December 8, 2022 2:46 PM
**To:** Stephen Rupp <<u>SRupp@mbt-law.com</u>>
**Subject:** Re: 21-24823 Ruiz, Bianca


Your explanations did not set a legal basis for the estate's entitlement to the extra $4,013. In fact, your position seems contrary to established law:

1. $4,013 is the amount of the valid lien against the vehicle as of the petition date, 11-10-2021, which is specifically excluded from the vehicle's value (UCA 78B-5-502(12)). Since the value of the estate's interests are calculated as of the petition date, the $4,013 is specifically excluded from the estate's interest in the vehicle (11

5

USC 514, 522(a)(2); Harris v. Viegelahn, 575 U.S. 510 (2015); In re Chernushin, 911 F.3d 1265 (10th Cir. 2018)).

2. $4,013 is the amount of post-petition non-estate funds used to pay off the lien, which is specifically excluded from the estate (see citations in #1).
3. As stated in your previous theory, the $4,013 used to pay off the lien is traceable to my child/spousal support, the value of which is specifically excluded from the estate (UCA 78B-5-505(1)(a)(vi),(vii)).

I understand that you have a Doctorate in the field of law and almost 40 years experience as a Chapter 7 Trustee in this state, and I assume you are already familiar with these basic concepts.

On Thu, Dec 8, 2022 at 10:41 AM Stephen Rupp <SRupp@mbt-law.com> wrote:

As I've explained, the amount at issue is $5,181, not $1,168. So no, I will not consider nor negotiate a $1,168 amount. Please deliver the vehicle to the auctioneer.

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

**From:** Bianca Ruiz <biancakayleneruiz@gmail.com>
**Sent:** Wednesday, December 7, 2022 5:06 PM
**To:** Stephen Rupp <SRupp@mbt-law.com>
**Subject:** Re: 21-24823 Ruiz, Bianca

If you would like to negotiate the $1,168 of equity in the Audi that the estate is actually entitled to, please let me know.

6

On Wed, Dec 7, 2022 at 3:31 PM Stephen Rupp <SRupp@mbt-law.com> wrote:

Ms. Ruiz,

I just received and reviewed your most recent pleadings and amendments. So much for trying to resolve the several issues in your case. Unfortunate.

I find your motion to compel abandonment, actually a motion to compel abandonment and for order "requiring the trustee to administer estate's property without delay" quite curious under the circumstances. In breach of prior agreement, you asked for and were given another extended 3/1/23 deadline to turnover the bankruptcy estate's $2,400 (now $2,350) portion of the 2021 tax refund. Any delay is attributable to you. You've had since 2019 but yet failed to accomplish a property division in a pending divorce. I agreed to lift of stay. Yet, as best as I can tell, you've failed to prosecute the divorce.

You've been previously requested to turnover the 2013 Audi or the equity value at issue. You've failed to respond and turn over the vehicle. Yet you file a motion to compel me to administer the vehicle.

In view of your request to administer the vehicle, please deliver the 2013 Audi to David Olson, auctioneer. Please contact him at 801-425-2004 and arrange for delivery and turnover of the vehicle to him. He's included in this email and anticipates your call.

In the alternative, you can deliver $5,181 ($4013 + $1,168) to the bankruptcy estate immediately without delay.

I realize that there are disputes concerning who is entitled to what of this $5,181 amount, the value of the vehicle or the proceeds of sale. In the administration of this estate, it's much easier to liquidate the vehicle and then argue and have determined who is entitled to what of the sale proceeds.

Please consider this written request for turnover. Thanks for your attention,

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

-----Original Message-----
From: Stephen Rupp
Sent: Thursday, December 1, 2022 3:32 PM
To: Bianca Ruiz <biancakayleneruiz@gmail.com>; Brian Porter <bporter@mbt-law.com>
Subject: RE: 21-24823 Ruiz, Bianca

Ms. Ruiz,

In follow up to the hearing yesterday and pending matters -

7

1) I admit that the only matters before the court yesterday were the objection to POCs 2 and 3 and the motion for leave to file time-barred claim. I see now that including other matters in my 11/17/22 response only muddied the waters. I admit that other matters, including the equity and turnover of the car, objection to POC 5, the administration of property of the estate, including community property, the settlement of repayment of the estate's portion of 2021 tax refunds, and your entitlement to a discharge will be heard in their own due time and if and when properly presented to the court.

2) I write to try to save us both some time and effort, especially your effort to renotice up the motion for leave to file time-barred claim. (POC 5)

    a) Excusable neglect - Perhaps I'm over simplifying, my understanding of your excusable neglect and strongest argument is that you failed to schedule the claim. Here are the problems with such an argument -
       - The POC was filed by you for creditor Jacob Ruiz. Whose excusable neglect are you using? Jacob's? He certainly knew of your bankruptcy. You sued him. The adversary proceeding was about these very issues. He and his divorce attorney have both appeared in the case. He timely filed 2 POCs, none of which were scheduled. I don't see that he missed an opportunity to timely file POC 5, including a contingent claim.
       - Your excusable neglect? In this case I don't think your excusable neglect, if any, will suffice to lift Jacob's late claim to timely status. Besides, as noted above, you sued him and his attorney over these very issues. You certainly and timely knew about the claim, even if contingent.
       - Actually, the claim or its origin was scheduled. It was scheduled as a secured claim of NFCU. You even reaffirmed the secured debt.

    b) The POC 5 will be contested and ultimately disallowed whether timely or tardily filed. Please consider -
       - Please remember that a POC is a claim against the bankruptcy estate. POC 5 is filed as a "claim for reimbursement of monthly payments ... after the petition date." Applying common sense, the claim for reimbursement of payments would need to be against the entity receiving the payments. To my knowledge the bankruptcy estate did NOT receive any payments. Please provide any logic or support why the bankruptcy estate would need to reimburse the payor for payments made to another. Why would the bankruptcy estate need to reimburse Jacob for payments he made to NFCU?
       - What are the factual and legal bases for a claim for reimbursement? Why does Jacob have any claim for reimbursement from the bankruptcy estate for car payments he made to NFCU?
       - If there is any claim for reimbursement, it's a claim against you. You are the party receiving the benefits of the payments. Please carefully consider the following.

3) Your POC 5, positions and argument hurt your financial position.

    a) Once you suggest that the bankruptcy estate must reimburse Jacob for post-petition payments he made on the NFCU debt secured by the car, you also must admit that the benefit of the payments went to the bankruptcy estate. This means that the $4,013 of equity in the car attributable to Jacob's post-petition payments becomes non-exempt property of the estate. (Your exemption is limited to the equity at the time of petition, and please note that you have possessed and used the car and consumed in whole or in part the (exempt up to $3,000) equity at the time of petition.) Since Jacob is asking for reimbursement of the full $4,013, and not 1/2 that amount, he must take the position that the bankruptcy estate is entitled to the whole $4,013 of equity. Under these circumstances, the car must be delivered for liquidation, the first $4,013 of net proceeds going to the bankruptcy estate and any left net amount up to $3,000 going to you. Jacob will participate in whatever trickles down to a late unsecured creditor.
    b) I have no problem admitting that Jacob is entitled to 1/2 the equity in the car. In other words, if Jacob wants to take the position that he's 1/2 owner and maintain his claim against the estate for reimbursement of $2,006, I'm happy to liquidate the car, pay Jacob 1/2 of the sale proceeds (which covers his reimbursement claim of $2,006), pay the bankruptcy estate $2,006 from the estate's 1/2 of the net proceeds, and pay you the net proceeds up to $3,000.

-OR-

You can withdraw the POC 5, and admit that Jacob's post-petition payments were to you or for your benefit and were attributable to claims and payments that were not property or claims of the bankruptcy estate or claims and payments that were exempt property of the estate. Obviously you'll need to explain the source of and reasons for the payments and claim any exemption. (If they were a gift by Jacob paying down secured debt against property of the estate, then the benefit of the gift goes to the estate.) (Please also note that I agree that you are entitled to any equity attributable to your non-estate or exempt payments.)

So, why am I suggesting this as a basis for some form of settlement? Unless I'm mistaken, Jacob was using your child support to make the car payments. Isn't that what the adversary proceeding was all about? Post-petition child support is certainly not property of the estate and child support is exempt. Simple. The $4,013 is attributable to exempt property or claims or payments for non-estate property or claims. Admittedly, you'll need to credit Jacob for his payments against some obligation which is not property or claim of the bankruptcy estate or against some exempt property or claim of the bankruptcy estate.

Hope this helps us resolve some of the issues,

Stephen W. Rupp
McKay, Burton & Thurman
15 West South Temple
Suite 1000
Salt Lake City, Utah 84101
(801)521-4135
(801)521-4252 (fax)
email: srupp@mbt-law.com

>>

9