Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, UT  84101
Telephone:  (801) 521-4135
Telefax: (801) 521-4252
Email: srupp@mbt-law.com

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | : Bankruptcy No. 21-24823 |
| | (Chapter 7) |
| BIANCA KAYLENE RUIZ, | : |
| | Honorable William T. Thurman |
| Debtor. | : |

### CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S MOTION
### FOR STAY PENDING APPEAL

Stephen W. Rupp, the Trustee, hereby objects to the debtor's Motion for Stay Pending Appeal.

The debtor has sought stay pending appeal of the Court's Order entered February 16, 2023 [Docket Item 137].  The order of the Court granted a settlement motion and also granted a turnover motion as to two properties, the 2013 Audi A5 vehicle and the debtor's 2021 tax refunds.  The debtor has appealed the Court's order.  The debtor has filed a motion for stay pending appeal of the order.  The Trustee hereby objects to any stay pending appeal for the following reasons:

The debtor argues irreparable harm for several reasons. Those reasons are set for below and addressed by the Trustee.

1. The debtor argues that the settlement agreement and turnover order violate her "legally protected interest in post-petition exempt assets."

2. The debtor's amended motion for stay pending appeal explains what she means by "post-petition exempt assets." At one point, she explains that this interest is "Bianca's $4,013.00 exempt post-petition Audi equity." At another point, she describes this interest as rising from "post-petition exempt funds . . . used to pay the $4,013.00 Audi lien." At another point, she refers to "post-petition Audi equity traceable to her exempt support."

3. It becomes clear after review of the debtor's motion that the "post-petition exempt assets" which are allegedly harmed is the $4,013.00 of equity in the Audi attributable to Jacob Ruiz's post-petition payment of the Audi car loan. (For purposes of this argument, the Trustee admits that these payments are traceable to the debtor's support payments.)

4. The debtor summarily states "it is a judicial fact that exempt funds paid the lien post-petition." This statement is not accurate and the debtor's arguments based on alleged "post-petition exempt assets" are also inaccurate and inapplicable.

5. The debtor's arguments of "harm to post-petition exempt assets" fail for the following reasons:

   (a) The debtor admits (page 17) that she was entitled to monthly support payments in the amount of $1,890.00 as of the date of the filing of the bankruptcy petition.

   (b) Ms. Ruiz did not disclose nor schedule her pre-petition entitlement and claim to monthly support in Item 29 of the debtor's Schedule A/B.

   (c) Not just failing to disclose and schedule the monthly support on Schedule A/B, the debtor also failed and has never claimed her monthly support income of $1,890.00 per month as exempt on Schedule C or under §78B-5-505(1)(a)(vii). The debtor has never claimed her monthly support income of $1,890.00 per month as exempt.

6. Under these circumstances, it is not true that exempt funds paid the Audi lien post-petition. No exemption of such funds has ever been claimed. Instead, it is true that non-exempt funds, property and claims of the bankruptcy estate not claimed exempt paid the Audi lien post-petition.

7. Because the post-petition car payments were made with post-petition proceeds of unscheduled and non-exempt property and claims of the bankruptcy estate, there can and will be no harm to "post-petition exempt assets."

8. For some unexplained reason, the debtor is arguing that she is being forced to amend her schedules and properly disclose property and claim appropriate exemptions. Under the true state of facts, the debtor should see the many efforts of the Trustee and the Court's order not as a threat, but as providing the debtor an opportunity to schedule and claim exempt the $4,013.00 equity in the Audi vehicle.

9. The debtor has no "post-petition exempt assets" which are being harmed by the settlement agreement or the turnover order.

10.    The debtor is also arguing that she is being harmed by the settlement agreement because the Trustee is "conveying estate property to a non-party [Jacob Ruiz] instead of partially satisfying her nondischargeable student loan." Again, the debtor's argument fails to give an account of the true and accurate facts in this case.

11.    Ms. Ruiz is arguing that the Trustee is conveying any and all interest of the bankruptcy estate in the Nissan and Subaru of Jacob Ruiz "in exchange for nothing." The debtor's amended schedules have included Jacob Ruiz's two vehicles as property of the bankruptcy estate for their full combined value of $12,118.00. The debtor's argument is that he full interest and value of Jacob's vehicles are property of the estate because they are allegedly community property under California law. Notably, Ms. Ruiz gives no credit and fails to account for any interest, including a community property interest, of Jacob Ruiz to his two vehicles. She also fails to account for any interest of Jacob Ruiz, including any community property interest, in her 2013 Audi A5, or any of the post-petition lien payments made by Jacob Ruiz in payoff of the auto loan against the Audi. Including the whole value and interest of the two vehicles of Jacob Ruiz in her bankruptcy estate, Ms. Ruiz relies on half the definition of property of the estate under §541 of the Bankruptcy Code. The debtor quotes 11 U.S.C. §541(a)(2) as, "the commencement of a case . . . creates an estate . . . comprised of . . . (2) all interests of the debtor and debtor's spouse in community property as of the commencement of the case . . .".

However, the debtor has repeatedly failed to quote and address the other pertinent half of the definition of the property of the estate under §541(a)(2). The full definition is "[s]uch estate is comprised of all the following property, wherever located and by whomever held: . . . (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case." That is –(A) under the sole, equal or joint management and control of the debtor; Section 541(a)(2)(A) makes very clear that the debtor's bankruptcy estate only includes the community property of the debtor and debtor's spouse which is under the sole, equal, or joint management and control of the debtor.

12. The two vehicles of Jacob Ruiz, whether or not community property under California law, are under the exclusive possession, control and management of Jacob Ruiz. They are not under the sole, equal, or joint management and control of the debtor, Ms. Ruiz.

13. Consequently, the two vehicles of Jacob Ruiz are not property of the bankruptcy estate, though a property division claim under the pending divorce may be property of the bankruptcy estate. The only vehicle under the sole, equal, or joint management or control of the debtor is the Audi A5. Again, the Audi would also be subject to any and all claims and interests of Jacob Ruiz in the property division of community property and any claim or interest of Jacob Ruiz on account of his post-petition payoff of the $4,013.00 auto lien against the property. Because the two vehicles of Jacob Ruiz are not property of the bankruptcy estate, and because of the property division claims and competing interests of the debtor and Jacob Ruiz to the three

5

vehicles, the settlement agreement, whereby the estate receives the full interest of the Audi A5 and the $4,013.00 of "post-petition" equity does no harm to the debtor.

### OTHER OBJECTIONS TO THE MOTION FOR STAY PENDING APPEAL

14. The debtor has no standing to seek stay pending appeal since the debtor has no standing to appeal.

15. Admittedly, the bankruptcy estate is insolvent and there will be no funds distributed to the debtor.

16. Consequently, to have standing to appeal, the debtor must show direct and adverse pecuniary effect. To do so, the debtor attempts to argue that but for the settlement agreement there would be property or funds partially satisfying her "nondischargeable student loan." The debtor argues that the full value of Jacob's vehicles might partially pay the student loans.

17. Unfortunately, the debtor fails to explain how any property or funds would trickle down to the student loans except that the full value of the two vehicles of Jacob Ruiz. This has been addressed above. As a result of the transfer of any and all interests of the bankruptcy estate in the two vehicles, the estate is receiving the transfer of any and all interest of Jacob Ruiz in the Audi which to the bankruptcy estate has a non-exempt value of $5,181.00.

18. Presently, the bankruptcy estate has the amount of $6,094.52. Besides the present account balance, the debtor still owes the bankruptcy estate $2,200.00 on a $2,400.00 obligation to repay property of the estate which the debtor received and failed to turnover. As of this date,

March 1, 2023, the debtor was to have paid the $2,200.00 balance. The debtor has thus far failed to pay the $2,200.00. Consequently, the $2,200.00 cannot at this point be included in the amount to be repaid to creditors.

19. Finally, the bankruptcy estate might receive some amount from the Audi A5, either the amount of $1,168.00 up to the possible amount of $5,181.00.

20. Presently, there are two timely filed proofs of claim for the total amount of $9,065.00.

21. The Trustee anticipates that the administrative costs and expenses of this bankruptcy estate will well exceed $5,000.00.

22. Under all the circumstances, no funds will pay all the administrative costs and expenses to date anticipated and pay all the timely filed proofs of claim in full. Consequently, under no circumstances will there be sufficient assets in any case to pay anything on the late proof of claim filed by the debtor for her student loan.

WHEREFORE, the debtor has no standing to appeal and has no standing to seek stay pending appeal.

### **DEBTOR'S POSSESSION OF THE PROPERTY AT ISSUE, 2013 AUDI A5.**

23.    The debtor is in exclusive possession and use of the vehicle. Despite requests for turnover, the debtor has failed to turnover the vehicle. The vehicle is a depreciating asset. Consequently, for any stay pending appeal, the debtor should post a bond pending appeal in the amount of no less than $5,181.00 or provide other adequate protection of the bankruptcy estate.

### **DEBTOR'S CONTROL OF OUTCOME**

24.    Finally, as noted above, the order of the Court actually provides the debtor with an opportunity to explain, disclose, schedule and claim exempt the equity in the 2013 Audi A5. The debtor has the opportunity to claim the $4,013.00 of additional equity in the property as exempt as proceeds of exempt property, in which case, the Trustee has agreed to receive $1,168.00 for the remaining equity in the vehicle. For these reasons, the debtor is in control of any outcome of the eventual disposition of the vehicle. The debtor's performance and choices are matters of debtor's due and prompt diligence in filing tax returns and disposing of tax refunds. The outcome of the Court's order is presently unknown and within the control of and decisions by the debtor.

    WHEREFORE, the Trustee hereby objects to any stay pending appeal.

DATED this 1st day of March, 2023.

        McKAY, BURTON & THURMAN

        By   /s/ Stephen W. Rupp
           Stephen W. Rupp
           Attorneys for Chapter 7 Trustee

**CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on March 1, 2023, I electronically filed the foregoing *Trustee's Response* with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

United States Trustee USTPRegion19.SK.ECF@usdoj.gov

I hereby certify that on March 1, 2023, I caused to be served a true and correct copy of the foregoing *Trustee's Response* as follows:

**Mail Service - By regular first class United States Mail, postage fully pre-paid, addressed to:**

**Bianca Kaylene Ruiz**
**1353 West Bison Drive**
**Riverton, UT 84065**

           /s/ Karin Powell