IN THE MATTER OF RUIZ

ELECTRONIC RECORDING

February 16, 2023



250 E 200 S. Suite 350
Salt Lake City, Utah 84111
www.DepoMaxMerit.com

Toll Free 800-337-6629
Phone 801-328-1188
Fax 801-328-1189

                                                                                    1

1       TINA COATES:  The United States Bankruptcy Court
2    for the District of Utah, the Honorable William T. Thurman
3    presiding, is now in session.  Got save the United States of
4    America and this honorable court.
5       THE COURT:  Good afternoon.  This is Judge Thurman
6    calling in on the call-in line for the hearing set for 2:00
7    o'clock today.  We have one matter.  We're putting this all on
8    the record.  And so we're going to have Tina call the case.
9    And then let me just call to see who's on the line, one at a
10   time.
11      Tina, will you call this case?
12      TINA COATES:  In the matter of Bianca Ruiz.
13      THE COURT:  Do we have someone representing the
14   Chapter 7 trustee?
15      MR. RUPP:  Yes, Your Honor, Stephen Rupp.
16      THE COURT:  And do we have Ms. Ruiz, the debtor?
17      MS. RUIZ:  Yes.  Good afternoon, Your Honor.
18      THE COURT:  Okay, thank you.  Do we have anyone else
19   on this call who wishes to make an appearance?  Doesn't sound
20   like it.
21      Okay.  Well, this is the time set for the issuing of
22   a ruling on a couple of motions the trustee had filed.  I've
23   prepared some notes and some outlines that I'm going to go
24   through and read.  I hope I catch everything that you've
25   presented to the court.  So I'm going to go through it with

1  some degree of detail.
2         On December 8th of last year, the Chapter 7 trustee,
3  Mr. Rupp, filed his motion to turn over property, that was
4  found at docket number 111, citing the code section 521, 542,
5  and 727 as authority, as well as Bankruptcy Rule 4002 and local
6  Rule 4002-1.
7         In his motion, the trustee requested the debtor turn
8  over the bankruptcy estate's portion of the equity remaining in
9  a 2013 Audi A5, as well as the estate's balance of the 2021 tax
10 refunds.  The trustee requests the court order the debtor turn
11 over the Audi or its equivalent, $5,181.  He calculates this
12 turnover amount of $5,181 by taking the scheduled value of the
13 vehicle at $8,181, less the $3,000 exemption.  And that's found
14 at docket 100 in the amended schedules A, B, and C.
15        The trustee further asserts that the debtor currently
16 owes $2,400 to the estate for her tax refunds for 2021.
17 Currently the debtor and the trustee have an agreement that the
18 debtor will pay the $2,450 installments from November '22
19 through February '23, with the balance due on March 1, 2023.
20 The debtor has paid at least one of the installments by the
21 middle last month, January, 2023.
22        In addition, on December 20, 2022, the Chapter 7
23 trustee filed a motion to approve a compromise and settlement
24 under Rule 9019, as found at ECF docket 115, with an amended
25 motion to approve the settlement at docket 118.  Under the

1  terms of the settlement, the trustee is seeking is to
2  compromise settled claims that may exist with respect to
3  certain property.
4              Under the terms of the settlement, the trustee will
5  transfer all interest in claims that the of the bankruptcy
6  estate in a 2002 Nissan Xterra and a 2008 Subaru Forester,
7  which the debtor listed on her amended schedule C at docket
8  100.  To the non-debtor's spouse, Jacob Ruiz, who I'll just
9  refer to as Mr. Ruiz today.
10             In return, Mr. Ruiz will transfer any legal claim he
11 has in the 2013 Audi to the trustee.  This transfer will
12 include any interest Mr. Ruiz held in the Audi due to the
13 payments that he made on the Audi vehicle loan, or that he
14 might otherwise have pursuant to the community property laws of
15 the state of California, due to the parties' pending divorce
16 proceeding there.
17             The amount Mr. Ruiz paid post-petition towards the
18 loan secured by the Audi was no less than $4,016.  The trustee
19 and Ms. Ruiz acknowledge that the settlement is subject to
20 notice to the parties in interest in the bankruptcy case and
21 approval of this court is necessary.  And both parties, Mr.
22 Ruiz and the trustee sign the settlement, which, of course, is
23 subject to court approval.
24             As part of the settlement, and as required by
25 applicable case law, the trustee outlined why the bankruptcy

1  court should approve the settlement, and he cited the case of
2  Kopexa Realty, cited at 213 Bankruptcy Reporter 1020 from the
3  Tenth Circuit Bankruptcy Appellate Panel, which this court
4  adopts, and finds persuasive.
5      The trustee served the settlement motion on the
6  creditor matrix on December 22nd at ECF 120 along with a
7  commensurate notice of hearing.
8      In response to both the motion to turn over property
9  and the motion to approve the settlement, the debtor filed her
10 response at docket 11 -- or excuse me, 122, and her amended
11 response at docket 131, which I will collectively refer to as
12 the debtor's response today.
13     In her response, the debtor asserts that any
14 post-petition funds used to pay off the Audi by Mr. Ruiz are
15 excluded from the bankruptcy estate for the case of in re:
16 Villescas from this court, of 2021.  Thus, Ms. Ruiz contends
17 that trustee is only entitled to $1,168 for her remaining
18 interest in the Audi.
19     She calculates this amount by taking the Audi's
20 scheduled value of $8,181, less her $3,000 exemption, less the
21 $4,013 paid post-petition, and the lien that existed that paid
22 post-petition, and off the greater amount that trustee claims.
23     Finally, the debtor argues that because of estate
24 already owns Mr. Ruiz' interest in the Audi, Mr. Ruiz cannot
25 convey that interest.

1        On January 19 of this year, 2023, the court conducted
2   a hearing on the trustee's motions to turn over and to settle.
3   Ms. Ruiz appeared on her own behalf.  Mr. Rupp appeared as the
4   Chapter 7 trustee.  At the conclusion of the hearing, the court
5   took the matter under advisement.  After review of the relevant
6   pleadings on the docket, hearing the argument of the parties at
7   the January 19 hearing, and conducting its own independent
8   research of applicable law, the court will now issue this
9   ruling.
10       The current motion for compromise, along with his
11  motion for turn over of the A5 Audi was served on all
12  creditors, parties in interest, including the debtor, and the
13  court finds notice to be appropriate and adequate in all
14  respects.  The court further finds appropriate jurisdiction
15  pursuant to 28 U.S.C. 157(b), and this is a core matter.  Venue
16  is appropriate under 28 U.S.C. 1408.
17       Taking the motion to compromise, first, and sometimes
18  I'm going to refer to it by its rule number, Rule 9019.  Taking
19  that one first, the court first addresses this -- his motion at
20  docket 118.  Rule 9019 of the Federal Rules of Bankruptcy
21  Procedure permits the bankruptcy court to approve a compromise
22  or settlement between the trustee and another party after
23  notice -- after proper notice and hearing.
24       Prior to approving a settlement, the trustee must
25  explain why the settlement agreement meets the in re:  Kopexa

1  Realty prongs.  And those prongs, specifically, are, 1.  The
2  probability of success in any underlying litigation on the
3  merits; 2.  Any difficulty in collection of the judgment; 3.  A
4  complexity and expense of litigation that might be required to
5  further pursue the claim; and 4.  A consideration of the best
6  -- of the interests of creditors, and deference to their
7  reasonable views.  And again, that's the Tenth Circuit
8  Bankruptcy Appellate Panel case, decided previously.
9           Here, the court finds the trustee has met all four
10 prongs under Kopexa.  First, the court finds that Mr. Ruiz
11 received and signed the settlement agreement prior to the need
12 to commence litigation.  So there's no pending litigation at
13 this time regarding the certain property, which avoids the
14 added expense.
15          The settlement agreement states that Mr. Ruiz
16 contends at least one of the vehicles is his separate property,
17 and therefore would not be property of the estate.  Litigation
18 surrounding whether the vehicles are property of the estate
19 could be costly, and the settlement agreement avoids this
20 potential litigation.
21          Further, there is an inherent risk and cost of
22 litigating the claims, and that -- I find that weighs in favor
23 of the settlement.  The debtor, and hence the bankruptcy
24 estate, and Mr. Ruiz have a community property interest in both
25 the Nissan and the Subaru, as well as the Audi.  It is

1  uncertain what the value of those vehicles is, but the trustee
2  believes there is equity in both--that is the Nissan and the
3  Subaru--sufficient to make it worthwhile to pursue them for at
4  least the debtor's portion.
5         These vehicles are apparently in the possession of
6  Mr. Ruiz, who now resides in Florida on a Navy assignment.
7  Whether they're both in his possession or not, the same
8  reasoning will apply in this ruling today.
9         Second, while the trustee expressed confidence that
10 he could collect a judgment against Mr. Ruiz for the value of
11 the estate's interest in those two vehicles, the cost of said
12 collection weighs in favor of settlement, and would be somewhat
13 complex.  Further, Mr. Ruiz resides in Florida, as I mentioned,
14 on his Navy assignment, making collection a little more
15 difficult and tricky--and costly.
16         Third, continuing litigation of the bankruptcy
17 estate's claim on Mr. Ruiz' property would be expensive,
18 compared to any potential recovery.
19         Based on Mr. Ruiz' claim, proof of claim number 5,
20 the potential recovery to the estate would be no less than
21 $4,013, but it is a given that there would be costs involved,
22 namely the cost of litigation by the trustee and his legal
23 expense, and eventual recovery of the two vehicles from
24 wherever they are, and any cost of attendant storage and sale,
25 which would likely offset some potential cash received from the

8

1  sale of those two vehicles.
2         Given the amount in controversy, it is more
3  economical for the trustee to avoid litigation on the matter,
4  and proceed to settle with Mr. Ruiz, as he has proposed.
5         Fourth, the court finds trustee's avoidance of costly
6  litigation (inaudible) reaps greater benefit to the creditors
7  in this case, which weighs in favor of the settlement, and
8  accordingly would be in the best interest of creditors, giving
9  due consideration of the objection of the debtor and lack of
10 any objections from any creditors, or anyone else.
11        Given that the trustee has met the four prongs in the
12 Kopexa ruling, the court grants the trustee's motion to approve
13 the amended settlement and compromise at EF -- that's
14 electronic filing, number 118 on the docket.
15        So it be clear, and in summary, the trustee would
16 receive the debtor's interest in the Audi A5 in exchange for
17 any and all claims Mr. Ruiz may have in the same.  Then Mr.
18 Ruiz would retain the Nissan and Subaru without any claims of
19 the bankruptcy estate.
20        The court notes that a portion of the debtor's
21 objection to the settlement focuses on the debtor's connection
22 -- contention, excuse me -- contention that the turn over of
23 the Audi will not result in a meaningful distribution to the
24 estate, and that the settlement agreement will give away estate
25 property to Mr. Ruiz in exchange for nothing.  And I find that

9

1  at docket 122.

2         However, as the court has already explained, the

3  trustee of -- the trustee's avoidance of costly litigation with

4  Mr. Ruiz over a claim to -- or right to the vehicles weighs in

5  favor of the settlement.

6         And to the extent the debtor is questioning the

7  trustee's business judgment, it has long been the standard of

8  this jurisdiction that the court will not interfere with the

9  trustee's business judgment, made in good faith upon reasonable

10 basis and within the trustee's authority.  And I refer the

11 parties to the case of Curlew Valley at 14 Bankruptcy Reporter

12 506 from 1981, which I find persuasive.

13        Further, the court finds no abuse of the discretion

14 being exercised by the trustee in this business judgment.

15        Finally, although the court has considered the

16 debtor's response, the court has concerns regarding the

17 debtor's standing to object.

18        The general rule is that a Chapter 7 debtor lacks

19 standing to object to orders of the bankruptcy court because of

20 the commencement of liquidation proceeding extinguishes any

21 pecuniary interest the debtor formerly held in the property of

22 the estate.  I take that as a quote from another bankruptcy

23 court, that's the Cult Awareness case, found in that Northern

24 District of Illinois in 1997.  That's a 1997 Westlaw case,

25 327123.

1           To overcome this issue, the debtor would need to show
2   a pecuniary interest and cannot simply claim that there is a
3   theoretical chance of a surplus in the estate to give her that
4   pecuniary interest, but must show that such a surplus is a
5   reasonable possibility by introducing evidence which the court
6   could make such an inference.
7           And I take that from another case, my colleague Judge
8   Terry Myers from Idaho. That's in the Rake case, R-A-K-E,
9   found at 363 Bankruptcy Reporter 146 from 2007.
10          Noting this has been presented to indicate -- nothing
11  has been presented to indicate that there will be a surplus in
12  the case--a surplus, meaning an amount over and above payment
13  in full to all creditors. And there's been no -- nothing has
14  presented to show that that will be the case here, sufficient
15  to give the debtor a pecuniary interest in the estate's
16  administration of the assets.
17          However, because the parties did not address that
18  standing issue, the court will not rest its decision solely on
19  the debtor's apparent lack of standing.
20          The court now addresses the trustee's motion to turn
21  over, found at docket 111. The trustee generally recites to
22  sections 521, 542, and 727, and Bankruptcy Rules 4002 and local
23  rule 4002-1 to support its motion requesting the debtor turn
24  over the estate's portion of the equity in the Audi, as well as
25  the estate's portion of the 2021 tax refunds, which may have

1  already been agreed to, but I thought it would be best to
2  memorialize that hear.
3         And under section 541(a), the 2021 tax refunds and
4  equity in the vehicles minus the debtor's exemption in the Audi
5  are considered property of the estate.
6         Although the court has previously found that the Audi
7  is community property under California law, section 541(a)(2)
8  of the bankruptcy code maintains that all community property
9  becomes property of the estate at the date of filing, even
10 though only one person filed.  Therefore the equity minus the
11 exemption in the Audi is property of the estate, and can be
12 administered by the trustee.
13        The trustee and the debtor, in their filings, and at
14 a prior hearings both agree that as of the petition date the
15 Audi had a value of $8,181, with a lien of $4,013, with the
16 $3,000 exemption claim, leaving the bankruptcy estate with a
17 $1,168 interest.  The parties also agree that Mr. Ruiz paid
18 $4,013 on the lien post-petition.
19        The debtor contends that that amount is exempt
20 because it is traceable to her exempt support income.  However,
21 as of today's ruling, the debtor has filed no amended schedule
22 C to indicate a different value or exemption in the Audi, or
23 any other property.
24        So this ruling today is without consideration in the
25 additional claim of exemption of the debtor, as that issue is

1  not currently ripe for the decision of the court today.
2       Accordingly, the debtor will have and is granted 14
3  days from today to file an amended schedule A, B, and/or C,
4  setting forth the basis for her claim of exemption in the
5  $4,013.  The trustee shall have 30 days thereafter to object to
6  the amended schedules and claim of exemption as set forth on
7  his objection.  Absent a timely filing of the amended schedule
8  C by the debtor, the debtor will be required to turn over the
9  full $5,181 as the trustee requests, no later than March 16.
10      With these findings of fact and conclusions of law,
11 the court grants the trustee's settlement motion and the motion
12 for turn over as modified and explained herein today, and
13 overrules the objections of the debtor.
14      This court will prepare the appropriate order
15 consistent with this ruling today.  Thank you for your
16 participation today.  The court will now be in recess.
17      (End of proceedings.)
18
19
20
21
22
23
24
25

```
 1   STATE OF UTAH        )
                          )
 2   COUNTY OF SALT LAKE  )

 3              I, CECILEE WILSON, Certified Shorthand

 4   Reporter for the State of Utah, certify:

 5              That I received the audio recording in this

 6   matter, that I transcribed it into typewriting, and that a

 7   full, true, and correct transcription of said audio recording

 8   so recorded and transcribed is set forth in the foregoing pages

 9   inclusive, except where it is indicated that the recording was

10   inaudible.

11              I FURTHER CERTIFY that I am neither counsel

12   for nor related to any party to said action nor in anywise

13   interested in the outcome thereof.

14              Certified and dated this 10th day of April,

15   2023.

16
                   _____
17                 [signature: Cecilee Wilson]

18                 CECILEE WILSON, CSR, RDR, CRR
                   Certified Shorthand Reporter
                   for the State of Utah
19

20

21

22

23

24

25
```

**$**

$1,168   11:17
$3,000   11:16
$4,013   11:15,18 12:5
$5,181   12:9
$8,181   11:15

**1**

14   12:2
16   12:9

**2**

2021   11:3

**3**

30   12:5

**5**

541(a)   11:3
541(a)(2)   11:7

**A**

Absent   12:7
additional   11:25
administered   11:12
agree   11:14,17
agreed   11:1
amended   11:21 12:3,6,7
amount   11:19
and/or   12:3
Audi   11:4,6,11,15,22

**B**

bankruptcy   11:8,16
basis   12:4

**C**

California   11:7
claim   11:16,25 12:4,6
code   11:8
community   11:7,8
conclusions   12:10

consideration   11:24
considered   11:5
consistent   12:15
contends   11:19
court   11:6 12:1,11,14,16

**D**

date   11:9,14
days   12:3,5
debtor   11:13,19,21,25 12:2,8,13
debtor's   11:4
decision   12:1

**E**

end   12:17
equity   11:4,10
estate   11:5,9,11,16
exempt   11:19,20
exemption   11:4,11,16,22,25 12:4,6
explained   12:12

**F**

fact   12:10
file   12:3
filed   11:10,21
filing   11:9 12:7
filings   11:13
findings   12:10
found   11:6
full   12:9

**G**

granted   12:2
grants   12:11

**H**

hear   11:2
hearings   11:14

**I**

income   11:20
interest   11:17
issue   11:25

**L**

law   11:7 12:10
leaving   11:16
lien   11:15,18

**M**

maintains   11:8
March   12:9
memorialize   11:2
minus   11:4,10
modified   12:12
motion   12:11

**O**

object   12:5
objection   12:7
objections   12:13
order   12:14
overrules   12:13

**P**

paid   11:17
participation   12:16
parties   11:17
person   11:10
petition   11:14
post-petition   11:18
prepare   12:14
previously   11:6
prior   11:14
proceedings   12:17
property   11:5,7,8,9,11,23

**R**

recess   12:16
refunds   11:3
requests   12:9
required   12:8
ripe   12:1
Ruiz   11:17
ruling   11:21,24 12:15

**S**

schedule   11:21 12:3,7

schedules   12:6
section   11:3,7
set   12:6
setting   12:4
settlement   12:11
support   11:20

**T**

tax   11:3
thought   11:1
timely   12:7
today   11:24 12:1,3,12,15,16
today's   11:21
traceable   11:20
trustee   11:12,13 12:5,9
trustee's   12:11
turn   12:8,12

**V**

vehicles   11:4